## ANTHONY JULIAN RAILROAD CONSTRUCTION COMPANY, INC. *v.* MARY ELLEN DRIVE ASSOCIATES ET AL.
### (13244)

O'Connell, Foti and Spear, Js.

Argued April 21[1]—decision released September 26, 1995

*Jennifer L. Forrence,* for the appellant (defendant Patrick R. Pacelli).

*Thomas B. Pursell,* for the appellee (plaintiff).

FOTI, J. The defendant Patrick R. Pacelli appeals from the judgment of strict foreclosure of a mechanic's lien rendered in favor of the plaintiff. Pacelli's sole claim is that the trial court improperly awarded damages for

---

[1] Oral argument was heard on April 21, 1995. Due to a recusal, the case was reassigned to a new panel which, with the consent of the parties, considered the case based on the briefs and the tape of the original oral argument.

work performed after the lien was filed when, he argues, the complaint sounded only in foreclosure of a mechanic's lien and the case was tried solely on that theory. We affirm the judgment of the trial court.

On December 28, 1987, the plaintiff, a construction company, entered into contracts with Pacelli and three others who were principals in Mary Ellen Drive Associates and T.K.P. Associates, two general partnerships. The contract was for site development of a residential subdivision known as Nicole Estates in Milford. The plaintiff contracted to build the roadways for the subdivision. On March 23, 1988, the plaintiff and the defendants signed a waiver of mechanic's lien related to the subdivision. On April 1, 1988, the plaintiff commenced work. The plaintiff stopped work on March 2, 1989, due to nonpayment.[2] At this time, there remained an estimated $150,000 of work left to complete the job. On April 26, 1989, the plaintiff filed a mechanic's lien in the amount of $400,164.[3] The plaintiff subsequently returned to the site to perform additional work and services.

On September 13, 1989, the plaintiff commenced this action against several defendants seeking to foreclose the mechanic's lien in the original principal amount of $400,164. The complaint, and each of the amended complaints as filed,[4] alleged work performed after the date of the filing of the lien.[5] The prayer for relief

---

[2] The total of the plaintiff's claim for materials furnished and services rendered was $1,446,389. As of March 2, 1989, the plaintiff had received payments totaling $896,225, leaving a balance of $550,164.

[3] The $150,000 worth of work left to complete the job was applied as a credit by the plaintiff to the balance due prior to the filing of the lien.

[4] The plaintiff filed amended complaints on October 1, 1990, October 18, 1991, and April 10, 1992.

[5] The amended complaint filed on April 10, 1992, alleged that "[t]he plaintiff commenced to furnish materials and services on April 21, 1988 and ceased furnishing materials and rendering such services on or about March 2, 1989, but has returned to perform additional services since the filing of the Mechanic's Lien."

claimed money damages.[6] The case was tried before a state trial referee on December 2 and 3, 1992. The first issue presented to the court was whether the plaintiff, by executing the March 23, 1988 lien waiver, had waived its right to file and foreclose the mechanic's lien. The court held that there was no waiver of the lien by the plaintiff. The court then analyzed whether the plaintiff's lien had priority over competing claims by the defendant UST Bank/Connecticut, a bank that held a mortgage on the property. The court held that the plaintiff's lien did have priority over the mortgage of UST Bank/CT.[7] The court found for the plaintiff in the amount of $315,164[8] for work done prior to the filing of the lien and $87,441.42 for work performed after the filing of the lien. On January 3, 1994, the trial court rendered a judgment of strict foreclosure in favor of the plaintiff. It is the court's award of damages for work performed after the filing of the lien that Pacelli contests on appeal.

On appeal, Pacelli argues that the plaintiff made no claim in the complaint for damages stemming from work performed after the filing of the lien. The defendants filed no pleading, seeking to contest the legal sufficiency of the allegations of the complaint[9] or the prayer

---

[6] The plaintiff's demand for relief sought:

"1. The amount, legal interest of property in demand is greater than Fifteen Thousand ($15,000) and 11/100 Dollars, exclusive of interest and costs.

"2. A foreclosure of the mechanic's lien.

"3. Immediate possession of the premises.

"4. Damages within the jurisdiction of the court.

"5. A deficiency judgment against the defendants.

"6. Reasonable attorney's fees and costs.

"7. Such other and further equitable relief as may be required."

[7] The defendant does not challenge either of these findings on appeal.

[8] The trial court increased the credit for work left to complete the job prior to filing the lien from $150,000 to $235,000, leaving a balance of $315,164. The court mitigated the amount of damages due and owing the plaintiff after reviewing the data on the work that was performed.

[9] The defendant has no burden to move to strike a legally inadequate complaint; *Stavnezer* v. *Sage-Allen Co.*, 146 Conn. 460, 461, 152 A.2d 312

for relief. The defendants, at no time, sought to contest the joining of two or more causes of action, or made claim of lack of compliance with General Statutes § 52-91.[10]

General Statutes § 49-33[11] allows a claim for materials furnished or services rendered to be a lien on the property subject to the payment of that claim. A mechanic's lien may not attach to any real estate in an amount greater than the price that the owner has agreed to pay the contractor for the improvements to the real estate. *Rene Dry Wall Co.* v. *Strawberry Hill Associates*, 182 Conn. 568, 572, 438 A.2d 774 (1980). The amount is diminished by payments made prior to the notice of the mechanic's lien, and the owner is also allowed credit for the reasonable cost to complete the contract satisfactorily. Id., 575. That credit should be disallowed if the work is actually done, completing the contract.

---

(1959); he is not prevented from claiming that the plaintiff had no cause of action and that the judgment was not warranted. *Brill* v. *Ulrey*, 159 Conn. 371, 374, 269 A.2d 262 (1970).

[10] General Statutes § 52-91 provides: "There shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs. In addition, in a contract action in which only money damages are sought and in which the amount, legal interest or property in demand is less than fifteen thousand dollars, exclusive of interest and costs, the demand for relief shall also set forth whether or not the remedy sought is based upon an express or implied promise to pay a definite sum."

[11] General Statutes § 49-33 provides in pertinent part: "(a) If any person has a claim for more than ten dollars for materials furnished or services rendered . . . in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner

"The legislature has not provided for a separate certificate for materials and services rendered by one party upon a lienable unit under each of several separate contracts, nor for separate certificates for lienable operations on each of several buildings. It has only provided that there must be a lienable claim for materials and services rendered. Where there is a lienable claim arising from distinct contracts as to the same lienable unit of land and buildings, and where these contracts are carried out in a continuous and overlapping employment, the fair and reasonable intent of the statute is to permit the builder to file a certificate of lien for the entire claim arising under all the contracts, without reference to when the work under any particular contract was begun or ended." *Parsons* v. *Keeney*, 98 Conn. 745, 749, 120 A. 505 (1923). The applicable statutes contain no language that would preclude a mechanic's lien from covering work performed after the filing of the lien.

The plaintiff argues that it returned to perform work because it was obligated to do so, having posted a performance bond. It argues that the defendants were aware of the continuing improvement work, and derived benefit from this work. We agree that to hold that the lien does not attach to the subsequent work would penalize the plaintiff and require additional cost and expense for filing additional liens each time the plaintiff returned to perform additional work. "[I]t is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." *National CSS, Inc.* v. *Stamford*, 195 Conn. 587, 597, 489 A.2d 1034 (1985).

Our mechanic's lien statute is to be liberally construed so as reasonably and fairly to carry out its remedial intent, that is, to provide a contractor with security

. . . of the plot of land being improved or subdivided . . . then the plot of land, is subject to the payment of the claim."

for his labor and services. *Nickel Pine Brook Associates* v. *Sakal*, 217 Conn. 361, 364–65, 585 A.2d 1210 (1991). The purpose of the mechanic's lien is to give one who furnishes materials or services " 'the security of the building and land for the payment of his claim by making such claim a lien thereon . . . .' " *H & S Torrington Associates* v. *Lutz Engineering Co.*, 185 Conn. 549, 553, 441 A.2d 171 (1981).

The facts of the allegations contained in the complaint must be construed in a light most favorable to the plaintiff. *Amodio* v. *Cunningham*, 182 Conn. 80, 82, 438 A.2d 6 (1980). Our review of the pleadings leads us to conclude that the trial court acted properly in rendering judgment on the basis of the pleadings and evidence as presented for work done to the property after the filing of the lien.

The judgment is affirmed.

In this opinion O'CONNELL, J., concurred.

SPEAR, J., concurring. I concur in the result reached by the majority because I agree that the allegations of the complaint and the prayer for relief are sufficient to support the trial court's judgment awarding damages. I write separately because the issue of whether the mechanic's lien secured the debt for work performed after the lien was filed was not before us.

The appeal raises only one issue: "Did the court err in awarding $87,441.42 in damages to plaintiff for postlien work when the complaint sounded only in foreclosure of a mechanics lien and when the case was tried solely on that theory?" In disposing of this issue, there is no need to address the mechanic's lien at all. The $315,164 debt that the lien secured was separately stated in the judgment, and it did not include the $87,441.42 that was awarded as damages. The court rendered a judgment foreclosing the mechanic's lien and rendered a separate

award of damages. The defendant Patrick R. Pacelli complains only of the latter. Having disposed of that issue on the ground that the plaintiff's claim for damages for work performed after the lien was filed was raised sufficiently in the pleadings, we need not decide whether the mechanic's lien secured the debt for work performed after is was filed.