[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought by the plaintiff herein to foreclose on a mechanic's lien filed against the property of the defendants located at 71 Hillside Avenue in the City of Milford. The defendants had suffered a total loss of the residence located thereon and engaged the plaintiff to construct a new residence at that location. The agreed upon cost was to be $128,000.00.
Work was commenced on the project some time during the month of February 1994 and continued until September 3, 1994 at which time the plaintiff was discharged by the defendant. The plaintiff filed a mechanic's lien to preserve his claim for the balance due him in the amount of $28,247.00. It is a foreclosure of this lien that is presently before this court. The defendants have filed special defenses and a counterclaim alleging a breach of warranty and construction defects.
While there is no formal written contract signed by the parties, negotiations took place between them and a proposal was submitted to the defendants by the plaintiff, the same proposal that was submitted to the defendants' insurance company in an effort to recoup the value of their loss. The scope of the work was agreed upon and the price or cost was established. The defendants, based on the above, ordered the plaintiff to proceed with the construction.
The plaintiff, from February 1994 until September 3, 1994, was on the premises at 71 Hillside Avenue at the direction of and by agreement with the defendants herein. The weather that winter was extremely severe causing many delays in the project.
The defendants, becoming very concerned over the delays, discharged the plaintiff. The plaintiff was discharged the day CT Page 7304 after Labor Day, that being September 3, 1994 at which time the project was substantially complete. The plaintiff thereafter filed a mechanic's lien against the property and subsequently brought this action to foreclose the mechanic's lien. To this the defendant has filed special defenses and a counterclaim. In the counterclaim, the defendants allege the plaintiff failed to do the work in a workmanlike manner, breaching an implied warranty and that the plaintiff engaged in unfair and deceptive trade practices in violation of the Home Improvement Act. The plaintiff has answered the counterclaim in essence denying the claims therein.
Both parties have testified to the fact that the plaintiff commenced work on the property during February of 1994 and continued to work until just after Labor Day of that year. Testimony was elicited that the defendants paid $98,000.00 to the plaintiff before his discharge. Upon the completion of the contract, the plaintiff was to have been paid the said sum of $128,000.00. The plaintiff claims that the work was substantially complete and is claiming the balance due on the contract less the amount paid out by the defendants to complete the scope of the work. The defendants agree that the work was substantially complete only necessitating the expenditure of approximately $5,000.00 to obtain a Certificate of Occupancy.
It is their claim, however, that after the discharge of the plaintiff numerous defects began to become evident necessitating the expenditure by them of several thousand dollars. They received estimates of the cost of correcting the various defects.
As indicated previously, the contract price was $128,000.00. Against this sum the plaintiff has been paid $98,000.00. The plaintiff claims there is due and owing to him the balance of the sum less the cost to the defendants for completing the job. SeeAnthony Julian Railroad Construction Co. v. Mary Ellen DriveAssociates, 39 Conn. App. 544, 547. In the case of Daly Sons v.New Haven Hotel Co., the court held that "the well established rule, in this and other jurisdictions, is that the reasonable value for which recovery may be had in cases of substantial performance of building contracts, is to be ascertained with reference to the contract price and by deducting from that price such sum as ought to be allowed for the omissions and variations." Daly Sons v. New Haven Hotel Co., 91 Conn. 280,287. (Internal citations omitted). CT Page 7305
Plaintiff's Exhibit 3 indicates that he has been paid the sum of $98,000.00. This exhibit considers extras and allowances showing a claimed balance due under the agreement of $28,247.00.
The defendants showed a cost to obtain the Certificate of Occupancy of $5,310.00. Exhibit G was described by the defendant Deborah Silver as being an itemization of the cost of obtaining the Certificate of Occupancy. An examination of the exhibit, however, shows a large proportion of expenditures incurred beyond the date wherein the certificate was obtained. Obviously, this exhibit represents the total cost to complete the project. The court has deducted therefrom the cost of $645.00 to change the locks and $50.00 cash for labor and a 12 pack of Coors Light, hardly a compensable item, leaving a total to complete the project of $11,979.04.
The defendants' counterclaim lies in four counts. The first count claims a breach of warranty to repair and restore the house in a good and workmanlike manner. The Second Count claims a breach of an implied warranty pursuant to § 47-118 of the General Statutes. The Third Count alleges a breach of warranty pursuant to § 47-121 of the General Statutes. Finally, the Fourth Count alleges a violation of the written contract provision of the Home Improvement Act, § 42-110a(3) of the General Statutes.
As to the First Count, the allegations are that the plaintiff breached the warranty to repair and restore the building in a good and workmanlike manner. The plaintiff did not repair and restore the building but rather he constructed a new residence on the site.
The Second Count claims a violation of § 47-118a of the General Statutes. This statute states in general that any improvement carries with it an implied warranty and that, pursuant to § 47-118e, such warranty shall terminate one year from the date of the delivery of a deed on in the case of an improvement not completed then one year after the date of completion or one year after the taking of possession, whichever comes first.
It should be noted that the report of the defendants' construction expert had no date affixed to it. Something that might have been a date was obliterated. The witness under cross examination testified that possibly it might have been done as CT Page 7306 late as December 1995, a date that is clearly beyond the one year limitations contained in the statute.
The Third Count alleges a breach of § 47-121 which gives an implied warranty upon the granting of a Certificate of Occupancy, that the project complies with the Building Code. No evidence was presented to the court indicating any specific violations of any particular provisions of the Building Code.
As to the Fourth Count, the defendants contend that the plaintiff engaged in an unfair trade practice in violation of § 20-129 (a)(1), the Home Improvement Act. Section 20-419
(4)(A) of the same act specifically excludes the construction of a new home from the Home Improvement Act. The court has previously ruled in deciding the Motion to Discharge Mechanic's Lien that the work performed under the agreement did not constitute a home improvement but rather the construction of a new home. Therefore, the court finds no unfair trade practice.
The defendants' experts testified that what they saw was an incomplete job. Both of them stated that the plaintiff could not be held responsible for what is incomplete. Many of the items claimed as defects appear to be items that were not finished as opposed to being defective.
There was sufficient evidence however for the court to determine that the girders under the house were installed improperly and that the outside decks were affixed to the building improperly. The cost to remedy this condition amounts to $3,250.00, $2,500.00 to rectify the problem with the girders and $750.00 to properly affix the decks to the house by the use of bolts rather than nails. Therefore, the court finds for the plaintiff on the counterclaim in the amount of $3,250.00. The court finds for the plaintiff on the complaint in the amount of $16,268.00 and for the defendant on the counterclaim in the amount of $3,250.00.
A judgment of foreclosure may enter with the law days to commence on September 14, 1998. Counsel fees are awarded in the amount of $4,000.00, an appraisal fee of $450.00 and a title search fee of $150.00.
The Court
By CT Page 7307 Curran, J.