# ANTHONY JULIAN RAILROAD CONSTRUCTION COMPANY, INC. *v.* MARY ELLEN DRIVE ASSOCIATES ET AL.
### (AC 17379)

O'Connell, C. J., and Schaller and Dupont, Js.

Argued June 2—officially released September 8, 1998

*Thomas B. Pursell,* for the appellant (plaintiff).

*Edward R. Scofield,* for the appellee (defendant Patrick R. Pacelli).

SCHALLER, J. The plaintiff, Anthony Julian Railroad Construction Company, Inc., appeals from the trial court's refusal to issue a property execution, pursuant to General Statutes § 52-356a,[1] for the claimed unsatisfied portion of a mechanic's lien foreclosure judgment. On appeal, the plaintiff claims that the trial court abused its discretion by failing to issue the property execution for which the plaintiff properly applied. We affirm the judgment of the trial court.

The following relevant facts are recited in our decision in *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, 39 Conn. App. 544, 664 A.2d 1177, cert. denied, 235 Conn. 930, 667 A.2d 800 (1995). "On December 28, 1987, the plaintiff, a construction company, entered into contracts with [Patrick R.] Pacelli and three others who were principals in Mary Ellen Drive Associates and T.K.P. Associates, two general partnerships. The contract was for site development of a residential subdivision known as Nicole Estates in Milford. The plaintiff contracted to build the roadways for the subdivision. On March 23, 1988, the plaintiff and the defendants signed a waiver of mechanic's lien related to the subdivision. On April 1, 1988, the plaintiff commenced work. The plaintiff stopped work

---

[1] General Statutes § 52-356a (a) provides in relevant part: " (1) On application of a judgment creditor or his attorney, stating that a judgment remains unsatisfied and the amount due thereon, and subject to the expiration of any stay of enforcement and expiration of any right of appeal, the clerk of the court in which the money judgment was rendered shall issue an execution pursuant to this section against the nonexempt personal property of the judgment debtor other than debts due from a banking institution or earnings. The application shall be accompanied by a fee of ten dollars payable to the clerk of the court for the administrative costs of complying with the provisions of this section which fee may be recoverable by the judgment creditor as a taxable cost of the action. . . . The execution shall be directed to any levying officer."

on March 2, 1989, due to nonpayment.[2] At this time, there remained an estimated $150,000 of work left to complete the job. On April 26, 1989, the plaintiff filed a mechanic's lien in the amount of $400,164.[3] The plaintiff subsequently returned to the site to perform additional work and services.

"On September 13, 1989, the plaintiff commenced this action against several defendants[4] seeking to foreclose the mechanic's lien in the original principal amount of $400,164. The complaint, and each of the amended complaints as filed,[5] alleged work performed after the date of the filing of the lien.[6] The prayer for relief claimed money damages.[7] The case was tried

[2] "The total of the plaintiff's claim for materials furnished and services rendered was $1,446,389. As of March 2, 1989, the plaintiff had received payments totaling $896,225, leaving a balance of $550,164." *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 545 n.2.

[3] "The $150,000 worth of work left to complete the job was applied as a credit by the plaintiff to the balance due prior to the filing of the lien." *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 545 n.3.

[4] The defendants most relevant to this appeal, in addition to Mary Ellen Drive Associates and one of its partners, Pacelli, were UST Bank/Connecticut and Robert D. Scinto.

[5] "The plaintiff filed amended complaints on October 1, 1990, October 18, 1991, and April 10, 1992." *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 545 n.4.

[6] "The amended complaint filed on April 10, 1992, alleged that '[t]he plaintiff commenced to furnish materials and services on April 21, 1988 and ceased furnishing materials and rendering such services on or about March 2, 1989, but has returned to perform additional services since the filing of the Mechanic's Lien.' " *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 545 n.5.

[7] "The plaintiff's demand for relief sought:

'1. The amount, legal interest of property in demand is greater than Fifteen Thousand ($15,000) and 11/100 Dollars, exclusive of interest and costs.

'2. A foreclosure of the mechanic's lien.

'3. Immediate possession of the premises.

'4. Damages within the jurisdiction of the court.

'5. A deficiency judgment against the defendants.

'6. Reasonable attorney's fees and costs.

'7. Such other and further equitable relief as may be required.' " *Anthony*

before a state trial referee on December 2 and 3, 1992. The first issue presented to the court was whether the plaintiff, by executing the March 23, 1988 lien waiver, had waived its right to file and foreclose the mechanic's lien. The court held that there was no waiver of the lien by the plaintiff. The court then analyzed whether the plaintiff's lien had priority over competing claims by the defendant UST Bank/Connecticut [UST Bank], a bank that held a mortgage on the property. The court held that the plaintiff's lien did have priority over the mortgage of [UST Bank]. The court found for the plaintiff in the amount of $315,164[8] for work done prior to the filing of the lien and $87,441.42 for work performed after the filing of the lien. On January 3, 1994, the trial court rendered a judgment of strict foreclosure in favor of the plaintiff." Id., 545–46.

The trial court found the fair market value of the property to be $825,000 and set the first law day at January 25, 1994. Prior to the running of this law day, the defendants UST Bank and Robert D. Scinto filed an appeal challenging the trial court's determination regarding the priority of the mechanic's lien. This appeal was docketed as AC 13212. In addition, Pacelli filed an appeal challenging the trial court's award of damages for work performed after the filing of the mechanic's lien. This appeal was docketed as AC 13244.

During the pendency of those appeals, the plaintiff negotiated settlements with UST Bank and Scinto that called for the payment of $325,000 to the plaintiff in

---

*Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 546 n.6.

[8] "The trial court increased the credit for work left to complete the job prior to filing the lien from $150,000 to $235,000, leaving a balance of $315,164. The court mitigated the amount of damages due and owing the plaintiff after reviewing the data on the work that was performed." *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 546 n.8.

exchange for the release of the mechanic's lien. The parties to that settlement complied with its terms, and on December 28, 1994, the plaintiff filed a notice of partial satisfaction of judgment with the trial court. Accordingly, the appeal in AC 13212 was withdrawn by UST Bank and Scinto.

We decided the issue that was raised in Pacelli's appeal (AC 13244) as reported in *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 544. In that case, we held that the trial court's award of damages for work performed after the filing of the mechanic's lien was proper under the mechanic's lien statute, General Statutes § 49-33. In reaching that conclusion, we relied on the fact that the pleadings properly presented the issue of the recoverability for work performed after the filing of the lien. Because the pleadings presented only the statutory remedy of a mechanic's lien, we concluded that the trial court's award was proper.

Following our decision in that case, no further action was taken in the foreclosure proceeding. The plaintiff did not file a motion for the trial court to open the foreclosure judgment to set new law days and, as a result, the foreclosure action remained dormant. On March 19, 1997, however, the plaintiff applied for a property execution. The trial court denied the application and this appeal followed.

I

The plaintiff first claims that the trial court improperly conducted a hearing on its application for a property execution because under § 52-356a, issuance of such an execution is purely a ministerial act by the court clerk once the clerk is presented with a properly executed application with respect to a valid judgment that remains unsatisfied. We are not persuaded.

As a preliminary matter, we note that the plaintiff, in its brief, has essentially abandoned this claim. The plaintiff states that "[i]t must be conceded that the trial court does have supervisory control over the process of an execution." We are in complete agreement with the plaintiff's statement of the law. See generally *Gainty* v. *Russell*, 40 Conn. 450, 450–51 (1873); *Gager* v. *Watson*, 11 Conn. 168, 171 (1836).

Moreover, we analogize the trial court's action in holding a hearing on the propriety of the issuance of an execution in this case to the common law writ of audita querela. "The ancient writ of audita querela has been defined as a writ issued to afford a remedy to a defendant against whom judgment had been rendered, but who had new matter in defense (e.g., a release) arising, or at least raisable for the first time, after judgment. . . . Because the writ impairs the finality of judgments, the common law precluded its use in cases in which the judgment debtor sought to rely on a defense such as payment or a release that he had the opportunity to raise before the entry of judgment against him. . . . No authority has been cited to suggest that the writ of audita querela was ever available to present issues which were presented before the entry of the judgment attacked by the writ. . . . The writ of audita querela provides relief from a judgment at law because of events occurring subsequently which should cause discharge of a judgment debtor." (Citations omitted; internal quotation marks omitted.) *Ames* v. *Sears, Roebuck & Co.*, 206 Conn. 16, 20–21, 536 A.2d 563 (1988).

This case provides an appropriate context for the application of this common law writ. Here, matters have arisen subsequent to the entry of the judgment that render it inequitable to allow the plaintiff to execute on the property. Those subsequent events consist of a negotiated settlement with two of the defendants in this action after the judgment of strict foreclosure was

rendered, along with the release of the mechanic's lien, which is the sole means of recovery that was pleaded by the plaintiff in this action. Thus, while the writ of audita querela was not specifically sought in this case, the existence of such a writ provides analogous authority that enables a court of equity to supervise its judgments and to control the issuance of executions. We conclude, therefore, that the trial court properly conducted a hearing with respect to the plaintiff's application for a property execution.

## II

The plaintiff next claims that the trial court improperly failed to issue an execution when its application complied with all of the statutory requirements of § 52-356a. We disagree because we hold that a property execution is an improper remedy in this action for foreclosure of a mechanic's lien.

At the outset, we note that our decision in *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates*, supra, 39 Conn. App. 544, held that the trial court's award of damages for work performed after the mechanic's lien was filed was properly includable in the lien that was originally filed. "The plaintiff argues that it returned to perform work because it was obligated to do so, having posted a performance bond. It argues that the defendants were aware of the continuing improvement work, and derived benefit from this work. We agree that to hold that the lien does not attach to the subsequent work would penalize the plaintiff and require additional cost and expense for filing additional liens each time the plaintiff returned to perform additional work. '[I]t is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff.' *National CSS, Inc.* v. *Stamford*, 195 Conn. 587, 597, 489 A.2d 1034 (1985). . . . Our review of the pleadings leads

us to conclude that the trial court acted properly in rendering judgment on the basis of the pleadings and evidence as presented for work done to the property after the filing of the lien." *Anthony Julian Railroad Construction Co.* v. *Mary Ellen Drive Associates,* supra, 548–49.

On the basis of our holding in that case, we interpret the complete award of the trial court as one judgment relating to work performed both before and after the filing of the lien. The concurring opinion in that case acknowledged that the majority's holding included within the lien the award for the work performed after the lien was filed. There was, therefore, one judgment of foreclosure of a mechanic's lien, not a separate award of money damages in addition to the mechanic's lien. Accordingly, this determination became the law of the case.

Having decided that there was only one judgment in this case in the form of a foreclosure of a mechanic's lien, we now look to the nature of the statutory remedy of a mechanic's lien. "Any mechanic's lien may be foreclosed in the same manner as a mortgage." General Statutes § 49-33 (h). "In all essential respects the attributes of foreclosure of mortgages apply to mechanics' liens." *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 19, 179 A. 339 (1935). "In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law. *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.,* 99 Conn. 396, 403, 122 A. 102 (1923)." *H. G. Bass Associates, Inc.* v. *Ethan Allen, Inc.,* 26 Conn. App. 426, 429, 601 A.2d 1040 (1992). Where a statutory right of action is at issue, the statute must be strictly construed, and the statutory remedy selected is the plaintiff's sole right of recovery.

We now turn to the question of whether it is proper under our statutes for the party obtaining a judgment

of foreclosure of a mechanic's lien to obtain a property execution. Section 52-356a (a) (1) provides in relevant part that "[o]n application of a *judgment creditor* . . . the clerk of the court in which the *money judgment* was rendered shall issue an execution . . . ." (Emphasis added.) According to General Statutes § 52-350a (10), a judgment creditor is "a person in whose favor a money judgment was rendered . . . ." A money judgment is a "judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment. . . ." General Statutes § 52-350a (13).

Neither of those definitions has been satisfied in this case. The trial court rendered a judgment of strict foreclosure and set the law days. The plaintiff then settled with two of the defendants and agreed to release the mechanic's lien from the property. Once the plaintiff limited itself to the statutory remedy of a mechanic's lien in this case, it was prevented from switching remedies in midstream to obviate its own act of settling with two of the defendants and releasing the mechanic's lien from the subject property. Once the mechanic's lien was released, the plaintiff's sole mechanism for enforcing its foreclosure judgment was extinguished. Once the plaintiff proceeded to foreclose the mechanic's lien, its sole remedy was to proceed with the foreclosure process. Upon releasing the mechanic's lien without taking title to the property in the foreclosure proceeding, the plaintiff in essence waived its right of recovery in this case. We conclude, therefore, that the trial court properly denied the plaintiff's request for a property execution.

III

The plaintiff finally claims that the trial court abused its discretion in failing to issue an execution after the

plaintiff filed a properly executed application for a property execution. In light of our conclusion in part II of this opinion that a property execution is an improper remedy in this action for foreclosure of a mechanic's lien, we need not address this claim.

The judgment is affirmed.

In this opinion the other judges concurred.