[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants, Charles and Jane Ericson, have moved this court for summary judgment as to count three of the plaintiffs Amended Complaint and the third count of their counterclaim. SeeMotion for Summary Judgment, August 4, 1999. In support of their motion they rely on the amended complaint, responses to requests to admit, an affidavit with attached exhibits and their memorandum of law. The plaintiff has filed a memorandum in opposition to the defendants' motion accompanied by the CT Page 13404 plaintiffs affidavit.
The following facts are not in dispute. The defendants are the owners of real estate located at 14 Watrous Road, Bolton, Connecticut. This is also their primary residence. On September 14, 1995, the defendants entered into a written agreement with the plaintiff, Stephen Devereaux, doing business as Devereaux's Carpentry Service (DCS), for the construction of an addition to their residence. On December 1, 1995, Stephen Devereaux created a limited liability company known as Devereaux's Carpentry Services, LLC (LLC) and, as of that date, ceased doing business under DCS. The contract of construction for the addition to the defendants' home constitutes a home improvement contract as defined in General Statutes § 20-419.
The work was completed on February 19, 1996. On March 26, 1996, the LLC filed a mechanic's lien on the premises of the defendants to secure the sum of $25,517.55. The LLC caused a copy of the lien to be served on the defendants as prescribed by statute.
The defendants have raised by way of special defense the claim that "the defendants had no agreement or contract with the plaintiff Devereaux Carpentry Service, LLC." The defendants' seek summary judgment count three of the plaintiffs amended complaint and summary judgment on the third count of their counterclaim.
The thrust of the defendants' motion for summary judgment is twofold. The basis of the first claim is that the defendant LLC has no written home improvement contract with the defendants and therefore pursuant to Connecticut General Statutes § 20-429
there is no enforceable claim. They do not dispute that there is a written agreement with DCS. The additional claim is made that since the LLC did not furnish the services to the defendants it has no right to place a mechanic's lien on the defendants' property citing Anthony Julian R.R. Const. Co. Inc. v. MaryEllen Drive Associates, 39 Conn. App. 544, 549, cert. denied.235 Conn. 930 (1995).
With respect to motions for summary judgment the movant must demonstrate that there exists no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Daily v. New Britain Machine Co., 200 Conn. 562, 568 (1986). The burden is on the movant to demonstrate that no material issue CT Page 13405 of fact is in dispute and on the opponent to demonstrate that no material issue exists. Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317 (1984)
In C J Builders Remodelers LLC. v. Geisenheimer,249 Conn. 415 (1999), the Supreme Court first had occasion to review the question of the legal effect of converting a sole proprietorship to a limited liability company. The Court noted the following facts:
 On March 14, 1996, the defendants entered into a construction contract with Charles Pageau doing business as C J Builders (sole proprietorship), for the renovation of the defendants' summer residence located in Madison. The parties initially set the contract price at $267,000 and subsequently agreed on further renovations. The contract included a provision that required the parties initially to refer any disputes arising out of the contract to Duo Dickinson, an architect who had been involved in the renovations. In the event that either party was dissatisfied with Dickinson's decision, that party then could submit a written demand to compel a formal arbitration proceeding.
 On October 24, 1996, Pageau, pursuant to General Statutes § 34-120 and General Statutes (Rev. to 1997) § 34-121,[1] filed an operating agreement establishing the plaintiff, C J Builders and Remodelers, LLC. Pageau then ceased doing business as the sole proprietorship and began conducting his construction operations as the plaintiff, a limited liability company. The plaintiff assumed virtually the same name as Pageau's sole proprietorship; it operated at the same business address; and it carried on the business operations of the sole proprietorship. Specifically, the plaintiff continued the renovations to the defendants' summer residence pursuant to the contract that the defendants had entered into with the sole proprietorship. Moreover, the plaintiffs operating agreement states that it is the "successor to Charles Pageau [doing business as] C J Builders and Remodelers." The operating agreement further provides that Pageau maintains a 99 percent ownership interest in the plaintiff, and that he exercises virtually absolute control over the plaintiffs business operations.
 In June, 1997, a dispute arose regarding $87,667.12 that the plaintiff claimed was owed on the contract. Thereafter, the CT Page 13406 plaintiff referred the dispute to Dickinson and forwarded documentation supporting its claim. Dickinson agreed to render a decision after the defendants had submitted documentation contesting the plaintiffs claim. The defendants, however, did not submit any documentation to Dickinson, and consequently, he refused to render a decision in the matter. The plaintiff then submitted to the defendants a written demand for formal arbitration. The defendants, however, did not comply with that demand.
 Thereafter, the plaintiff, pursuant to § 52-410, filed an application in the trial court seeking an order directing the defendants to submit to arbitration. The defendants, however, filed a special defense, claiming that the plaintiff was not a party to their contract with the sole proprietorship, and, therefore, that the plaintiff was not entitled to compel the defendants to arbitrate the dispute. The trial court, however, concluded that the plaintiff was entitled to enforce the contract and ordered the defendants to submit to arbitration. The defendants subsequently appealed from the trial court's judgment to the Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 5 1-199 (c).
 On appeal, the defendants claim that the trial court improperly concluded that the plaintiff is entitled to compel arbitration pursuant to § 52-410. The plaintiff, however, contends that it is the "successor in interest" to the sole proprietorship and, as such, has assumed the rights and obligations of its predecessor by operation of law. Consequently, the plaintiff maintains that it is entitled to compel arbitration. We agree with the plaintiff.
The court began its analysis by first noting that the "term successor in interest ordinarily refers to a corporation that by a process of amalgamation, consolidation or duly authorized legal succession, has become invested with the rights and has assumed the burdens of another [corporation]. . . ." (Citation omitted; internal quotation marks omitted.) C J Builders Remodelers,LLC v. Geisenheimer, supra 249 Conn. 419. The court further noted that the issue of whether the transformation of a sole proprietorship into a limited liability company creates in the new business entity rights and obligations previously held by the sole proprietorship had not been previously considered by the court. After a rigorous statutory analysis of General Statutes CT Page 13407 §§ 34-100 through 34-242 the court answered the question affirmatively concluding that "where a sole proprietorship converts to a limited liability company, all the interests and obligations incurred by, or chargeable against, the sole proprietorship or its assets are transferred to the limited liability company by operation of law. Moreover, like the general partners in a converting general or limited partnership, the sole proprietor retains personal liability for all preconversion debts and obligations incurred by the sole proprietorship. " Id. 422. Thus the court permitted the limited liability company to enforce the arbitration provision in the contract between the defendant and the predecessor sole proprietorship. "Because the plaintiff constitutes a continuation of the sole proprietorship in limited liability form, the plaintiff assumed, by operation of law, all of the rights and obligations of the sole proprietorship. " Id.
The fact that the present case involves a contract that falls within the home improvement statutes and therefore is strictly construed does not dictate a different result. All of the protections afforded to the consumer by virtue of the Home Improvement Act remain in place unaffected by the conversion of the sole proprietorship to a limited liability company. The plaintiff has all of the defenses afforded by that act against both the sole proprietor and the LLC. The LLC is entitled, as a matter of operation of law, to all of the contractual rights and obligations of its predecessor. The motion for summary judgment is therefore denied with respect to both the special defense to the third count of the plaintiffs amended complaint and as to the third count of the counterclaim.
Zarella, J.