[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS SECOND COUNT
This is an action to foreclose a mechanics lien and to collect damages arising out of the defendants' alleged failure to pay for services and materials that the plaintiff provided to repair and improve a commercial property known as 604-642 Enfield Street, Enfield, Connecticut. The second count of the complaint is directed against Robert Mercik, James Viola, Frank Troiano and Anthony Troiano, and seeks to foreclose on a mechanic's lien against the property, which is co-owned by the above four defendants. Mercik, the only remaining defendant in the action, moved on December 1, 1999, to dismiss the second count on the ground that the plaintiff failed to comply with the statutory notice requirements of General Statutes §§ 49-34 and 49-35, depriving the court of subject matter jurisdiction.
The relevant facts are as follows. Between June 15, and June 30, 1997, the plaintiff furnished materials and rendered services to the defendants in connection with repairs and improvements to the property. On September 22, 1997, the plaintiff recorded in the Enfield land records a mechanic's lien on the property in the amount of $22,020.00, the alleged value of materials and services provided by the plaintiff. Despite the plaintiff's demand, no payment has been made.
 I
The defendant, Mercik, argues that the court lacks subject matter jurisdiction over count two because the mechanic's lien at issue was invalidated by the plaintiff's failure to comply with the notice requirements of General Statutes §§ 49-34 and 49-35 in that Mercik was not timely served with notice and certificate of mechanic's lien and that the other defendants were never served at all. The defendant further claims that the plaintiff's failure to serve Viola, Frank Troiano and Anthony Troiano with the notice of lis pendens, pursuant to General Statutes §§ 52-325 and 49-39, also invalidated the mechanic's lien after one year following its recording. The plaintiff claims proper service on each of the defendant co-owners of the property. CT Page 5955
 II
Plaintiff claims, in a threshold argument, that because this motion to dismiss was not filed within thirty days of defendant's appearance pursuant to Practice Book § 10-30 this motion to dismiss is untimely and later pleadings by defendant waives personal jurisdiction defects; see Pitchell v. Hartford, 247 Conn. 422, 433-34, (1999). However, the defendant presently seeks to dismiss count two for lack of subject matter jurisdiction not personal jurisdiction. A claim that the court lacks subject matter jurisdiction may be raised at any time. Dowling v.Slotnik, 244 Conn. 781, 787, cert. denied, Slotnik v. Considine,525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver. Figueroa v. C S Ball Bearing, 237 Conn. 1, 4-5, (1996). Defendant is not barred from raising the issue of subject matter jurisdiction in the present motion to dismiss.
 III
In Connecticut, a mechanic's lien is a creation of statute and establishes a right of action where none existed at common law. AnthonyJulian Railroad Construction Co. v. Mary Ellen Drive Associates,50 Conn. App. 289, 296, 717 A.2d 294 (1998). General Statutes § 49-34
provides in relevant part:
 "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk . . . a certificate in writing, which shall be recorded by the town clerk with deeds of land . . . and (2) within the same time . . . serves a true and attested copy of the certificate [of mechanic's lien] upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35."
General Statutes § 49-35 (a) provides in relevant part that a copy of the certificate of mechanic's lien "be served upon the owner . . . if such owner . . . resides in the same town in which the building is being erected, raised, removed or repaired . . . by any indifferent person, sheriff or other proper officer, by leaving with such owner . . . or at his usual place of abode a true and attested copy thereof. If the owner . . . does not reside in such town, but has a known agent therein, the notice may be so served upon the agent, otherwise it may be served by CT Page 5956 any indifferent person, sheriff or other proper officer, by mailing a true and attested copy of the notice by registered or certified mail to the owner at the place where he resides. . . . When there are two or more owners . . . the notice shall be so served on each owner. . . ."
Read together, §§ 49-34 and 49-35 require the lienor to serve a copy of the certificate upon each owner of the property within 90 days after he ceased performing services or furnishing materials. Accordingly, the plaintiff must have served the defendants with a copy of the certificate on or before September 28, 1997, the ninetieth day following June 30, 1997, the date on which the plaintiff discontinued furnishing the defendants materials and services. The plaintiff has clearly failed to do so.
The return of service, dated October 3, 1997, shows that on October 7, 1997 (sic), the serving sheriff, "left a verified and attested copy of the original Mechanic's Lien with and in the hands of the within named Robert Mercik, in the Town of Enfield" and that on the same date he served in hand a copy of the original mechanic's lien upon Anthony Troiano, Frank Troiano, James Troiano and Alan Michaelis. Mercik attests that he was served in hand with a copy of the mechanic's lien on October 1, 1997, but Viola, Frank Troiano and Anthony Troiano attest, however, that they were "never served with a copy of the Certificate of Mechanic's lien or the Notice of Intent to File Mechanic's Lien either in-hand or at their usual places of abode or by certified mail.
Assuming arguendo that all four co-owners of the property were served copies of the original mechanic's lien, the service effected upon them was not made within the 90 day period required by § 49-34. The sheriff attesting to hand service to each of the four property owners on October 7, 1997, a date well beyond ninety days after the plaintiff ceased providing services or materials to the defendants.
 IV
The plaintiff argues, however, that Ceneral Statutes § 52-593a
allows for service of the notice of mechanic's lien upon the defendants beyond the 90 day period as long as the notice is in the sheriff's hands prior to the expiration of the limiting period. No authority has been offered by plaintiff or found by the court to support its argument. The purpose of § 52-593a is to save an action which otherwise would be barred because service of process was not completed until after the running of the statute of limitations. See Zarillo v. Peck,33 Conn. Sup. 676, 366 A.2d 1165 (App. Sess. 1976). In the present case, the court lacks subject matter jurisdiction over count two because the plaintiff failed to provide timely notice of the mechanic's lien CT Page 5957 pursuant to § 49-34, not because service of process was served after the limitations period had expired. The plaintiff's failure to comply with the notice requirements of § 49-34 rendered the mechanic's lien invalid. The mechanic's lien is therefore discharged as a matter of law. See H.G. Bass Associates v. Ethan Allen, Inc., 26 Conn. App. 426, 430, (1992).
For the foregoing reasons, the court lacks jurisdiction to entertain the foreclosure action and the defendant's motion to dismiss the second count of the complaint is meritorious. See Fisher Skylights, Inc. v.Mashantucket Pequot Indian Tribe, Superior Court, judicial district of New London at Norwich, Docket No. 104741 (July 11, 1994, Leuba, J.); see also TFF Property Development, L.L.C. v. Levco Tech, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163427 (July 24, 1998, Lewis, J.); Raymond's Building Suorly v.Santopietro, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 131419 (August 15, 1996, Pellegrino, J.).
Motion to dismiss second count granted.
Wagner, J. Trial Judge Referee