[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, The Plane Broker, Inc., argues that the bond that was substituted for an aircraft lien should include the condition that the surety is obligated to pay interests, costs, penalties and attorney's fees based on General Statutes § 52-249.[1] It is clear that if this action was for the foreclosure of a mechanic's lien or based upon a bond that had been substituted for a mechanic's lien, then the court would have the authority under § 52-249 (a) to include costs and fees, including reasonable attorney's fees, as part of the judgment.
This case involves, however, a bond that has been substituted for an aircraft lien. An aircraft lien and a mechanic's lien are not the same. A mechanic's lien is a lien on a plot of land, building or appurtenance for unpaid materials furnished or services rendered in the site development and is governed by General Statutes §§ 49-33[2] through 49-40a and § 52-249. An aircraft lien is a lien on an aircraft for unpaid fees, expenses or charges for the care, maintenance, or repair of the airplanes and is governed by General Statutes §§ 49-92g through 49-92k.
The operative statutes in this case are §§ 49-92g[3] and49-92h,[4] which provide for the substitution of a bond for an aircraft lien, notice of the lien, and for the sale and satisfaction of the lien. Unlike § 52-549, sections 49-92g and 49-92h do not provide for the imposition of attorney's fees or costs in aircraft lien or bond cases. Absent contractual or statutory authority, each party is responsible for its own attorney's fees. Doe v. State, 216 Conn. 83, 106, 579 A.2d 37
(1990); Chrysler Corp. v. Maiocco, 209 Conn. 579, 590, 552 A.2d 1207
(1989). In Connecticut, an aircraft lien is a creature of statute and establishes a right of action where none existed at common law. See generally, Anthony Julian Railroad Construction Company, Inc. v. MaryEllen Drive Associates, 50 Conn. App. 289, 296, 717 A.2d 294 (1998) (mechanic's lien). "Where a statutory right of action is at issue, the statute must be strictly construed, and the statutory remedy selected is the plaintiff's sole right of recovery." Id. Therefore, attorney's fees and costs are not recoverable in an action upon a bond given in substitution of an aircraft lien because they are not authorized by the aircraft lien statutes. "If this creates an inequity for a lienor whose lien is dissolved and a bond substituted therefor it is a condition which must be remedied, if at all, by the legislature." S.J. Smith Construction,Inc. v. Home Depot U.S.A., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 157414 (December 1, 1997,D'Andrea, J.). Because there is no statutory provision allowing the recovery of attorney fees and costs in an action involving a bond that has been substituted for an aircraft lien, the court lacks authority to award such. Motion for Reargument and Consideration #104 is denied.
THOMAS G. WEST, J. CT Page 3047