In re Kevin ST. PIERRE, Stacy
St. Pierre, Debtors.

**Chase Manhattan Mortgage
Corporation, Movant,**

v.

**Kevin St. Pierre, Stacy St.
Pierre, Respondents.**

**No. 03–21209.**

United States Bankruptcy Court,
D. Connecticut.

July 9, 2003.

Keith K. Fuller, Reiner, Reiner & Bendett, P.C., Farmington, CT, for Movant.

Dale C. Roberson, Law Office of Dale C. Roberson, LLC, Ellington, CT, for Debtor–Respondents.

*MEMORANDUM AND ORDER RE: MOTION FOR RELIEF FROM STAY*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Chase Manhattan Mortgage Corporation ("Chase"), on May 2, 2003, filed a motion for relief from stay ("the motion") in the joint Chapter 13 case of Kevin St. Pierre and Stacy St. Pierre ("the debtors") in order to pursue an ejectment action in the Connecticut Superior Court to obtain possession of property which Chase owns, known as 461 Old Post Road, Tolland, Connecticut ("the property"). Chase, prepetition, obtained title to the property by way of a Superior Court judgment of strict foreclosure of a mortgage which the debtors had granted on the property.

The debtors contend that the court should deny the motion until two actions the debtors have brought or will bring have been resolved. The first action, the common law writ of audita querela (to be brought in state court), will seek to vacate the foreclosure judgment, and the second action, already started, seeks to avoid the foreclosure judgment under Bankruptcy Code § 548 as a fraudulent transfer.

Chase argues that the debtors have not presented sufficient evidence of the bona fides of their claims for the court to deny

the motion. The parties have submitted briefs on the matter to the court, there being no issue as to the relevant factual background.

## II.

## BACKGROUND

The debtors, on September 23, 1999, executed a note to CTX Mortgage Company ("CTX"), secured by a mortgage on the property for the sum of $139,429.00. CTX thereafter assigned the mortgage to Chase. The debtors, after August 2002, failed to keep payments on the note current, and Chase began a foreclosure action in the Superior Court. The debtors failed to appear in the action, and the Superior Court subsequently entered a judgment of strict foreclosure, finding that the total debt was $154,687.67 and the value of the property was $160,000. Absolute title vested in Chase on March 25, 2003, after the debtors failed to redeem the property by their assigned law day. The debtors, on April 21, 2003, filed their Chapter 13 petition while remaining with their two children in possession of the property. Chase seeks relief from stay in order to obtain an order of ejectment from the Superior Court.

## III.

## DISCUSSION

### A.

### Relief From Stay

Bankruptcy Code § 362(d) provides as follows:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . .

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

■■■ "The facts of each request will determine whether relief is appropriate under the circumstances." *In re Fitzgerald* 237 B.R. 252, 259 fn. 8 (Bankr.D.Conn. 1999) (internal quotation marks omitted). "The burden of proof on a motion to lift or modify the automatic stay is a shifting one.... If ... the movant is able to make an initial showing of 'cause,' the burden then shifts to the debtor to demonstrate entitlement to the protection of the stay; the risk of nonpersuasion is on the debtor." *Id.* at 259–60 (citations and internal quotation marks omitted).

■■■ Chase has shown cause for relief from stay. The debtors offer two extraneous grounds as to why they are still entitled to the protection of the stay. When debtors assert "extraneous grounds" in their opposition to relief from stay, "such extraneous grounds will be considered in the summary manner appropriate to an equivalent request for ... a preliminary injunction." *Fitzgerald,* 237 B.R. at 259–60 (internal quotation marks omitted).

[T]he proper course where a debtor opposes a motion for relief by challenging the rights of the secured creditor or property owner in an adversary proceeding is to require the debtor to come forward during the lift stay hearing with sufficient evidence to demonstrate that there is a reasonable probability that the debtor would prevail in the later litigation which would completely adjudicate the challenges at issue.

*In re Robinson,* No. 02–16940, 2002 WL 31685731, at *1 fn. 4 (Bankr.E.D.Pa.

Nov.7, 2002); *see also In re Shehu,* 128 B.R. 26, 29 (Bankr.D.Conn.1991). In order to obtain a preliminary injunction in the Second Circuit, a party must show: "(1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Forest City Daly Housing Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir.1999).

### B.

### Writ of Audita Querela

### 1.

■ The debtors argue that the court should deny the motion on their argument that if they are successful in reinstating their mortgage by paying off their arrearage (estimated at $15,408.18) during the course of their three-year Chapter 13 plan, while also paying on the outstanding balance of the mortgage, the debtors may then successfully file a writ of audita querela in the Superior Court to vacate the foreclosure judgment.

A writ of *audita querela* provides a defendant with the means to obtain relief from the consequences of a judgment because of some matter of defense or discharge arising since the rendition of judgment which could not be taken advantage of otherwise. The writ may also lie for matters arising before judgment where the defendant had no opportunity to raise such matters in defense. In federal court, the writ has been abolished and replaced by a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).

*Yuzari v. Southern Auto Sales,* 688 F.Supp. 825, 828 fn. 6 (D.Conn.1988). The debtors contend that the commencement and completion of a Chapter 13 plan, to satisfy the current arrearage that the foreclosure action was based upon, is a matter that has arisen since the rendition of the foreclosure judgment which could not have been taken advantage of at the time of the judgment. The debtors argue that they cannot take these steps if the court grants relief from stay.

Chase asserts that the mortgage was extinguished when absolute title was vested in Chase and, accordingly, there is no debt to satisfy. Further, Chase argues that whether the debtors can obtain relief from the foreclosure judgment is solely a state-court issue, and that the debtors can request a stay from ejectment from the Superior Court if that court accepts their audita querela argument. Chase denies the filing of a bankruptcy petition is sufficient to invoke the doctrine.

### 2.

■ The court agrees with Chase. Whether audita querela can be applied to the present situation is an issue for the state court. *Cf. Ames v. Sears, Roebuck & Co.,* 206 Conn. 16, 22–23, 536 A.2d 563 (1988) (denying an application for a writ of audita querela after finding that the judgment debtor's contention, that its judgment was satisfied, was a defense that could have been raised before judgment); *Homeside Lending, Inc. v. Negron,* No. CV990169795S, 2002 WL 172645, at *3–4 (Conn.Super.Jan.4, 2002) (same); *Cohen v. MBA Financial Corp.,* No. CV 950379585, 1999 WL 509814, *4 (Conn.Super. July 2, 1999) (granting a writ of audita querela prohibiting any further collection on a judgment after a finding that the court was misled by the plaintiff into entering an overly excessive judgment); *Anthony Julian Railroad Construction Co. v. Mary Ellen Drive Associates,* 50 Conn.App. 289, 294–95, 717 A.2d 294 (1998) (declaring that a court could apply the writ of audita

querela in order to obtain relief from a foreclosure judgment, where post-judgment, the plaintiff settled with two of the defendants and agreed to give a release of its mechanic's lien).

Whether the Superior Court would give the debtors the relief they request once the plan is completed is completely speculative and highly doubtful. The debtors' argument is novel, but it is not sufficient to justify denying Chase's motion for the three years it will take for the debtors to complete a plan. If the Superior Court is willing to apply audita querela, then that court can then decide whether to stay the ejectment proceedings.

## C.

### Fraudulent Conveyance

#### 1.

The debtors contend that the court should deny the motion because the debtors have filed a § 548(1) [1] fraudulent conveyance action against Chase, alleging that the estate did not "receive reasonably equivalent value of their equity in the property" when foreclosed upon, and that a transfer of title may be "collaterally attacked when the consideration received is so low as to shock the conscience" [2] (Debtors' Br. at 15–16). The debtors rely upon

---

**1.** 11 U.S.C. § 548(a)(1) provides, in relevant part:

The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . .

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

*Fitzgerald,* 237 B.R. at 265, in support of their contention.

Chase argues that the debtors are unable to reopen the strict foreclosure judgment pursuant to Conn. Gen.Stat. § 49–15 [3] because absolute title has vested with the movant, so that even if the stay were to continue, the debtors would never be able to get title back to the property. With respect to the fraudulent conveyance action, Chase points out that this court in *Talbot v. FHLMC (In re Talbot),* 254 B.R. 63 (Bankr.D.Conn.2000), ruled that a strict foreclosure judgment, such as the one at issue, cannot be considered a fraudulent transfer because the judgment conclusively established that reasonably equivalent value was received and precludes debtors from challenging the judgment as fraudulent.

#### 2.

The Supreme Court in *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), prohibited the use of § 548 to void a pre-petition foreclosure by sale, holding that "a fair and proper price, or a 'reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the

---

**2.** With their objection, the debtors submitted a copy of an appraisal report conducted on November 21, 2002, wherein the property was valued at $187,000. The debtors claim that the January 9, 2003 appraisal for $160,000, relied upon by the state court, was not a "full" examination of the property because it was just a drive-by appraisal, compared to the November appraisal which was a "full" examination a few months earlier and which estimated the value of the property $27,000 higher.

**3.** Conn. Gen.Stat. § 49–15 provides: "[N]o such judgement [of strict foreclosure] shall be opened after title has become absolute in any encumbrancer."

**698**

State's foreclosure law have been complied with." 511 U.S. at 545, 114 S.Ct. 1757.

This court, in *Talbot*, rejected the notion that *BFP* does not apply to strict foreclosures, noting that "BFP was not predicated on a theory that a competitive bidding process provides the most accurate indication of the market forces that define a property's value," and that "Connecticut strict foreclosure law provides a debtor with sufficient procedural safeguards to render it analogous to the foreclosure sale context of *BFP*." 254 B.R. at 70–71. The debtors ask the court not to follow *Talbot*, but the court declines that request.

3.

 Although *Talbot* involved a motion to dismiss, and the motion at bar is a motion for relief from stay, *Talbot*, as applied to the facts in this case, indicates that the debtors' fraudulent conveyance action pursuant to § 548 will not be successful. There are no allegations that the debtors were denied their procedural rights or that there were irregularities in the foreclosure process. The debtors only argue to this court that the Superior Court's appraisal was too low. The debtors, however, during the pendency of the foreclosure action, had the opportunity to submit their appraisal to the Superior Court and to request a foreclosure by sale in order to retain their alleged equity in the property. The debtors simply failed to appear to defend the foreclosure action against them.

IV.

*CONCLUSION*

The court is not persuaded that in the actions the debtors have brought or intend to bring there is either a likelihood of success on the merits or that sufficiently serious questions going to the merits of the actions exist to make them a fair

ground for litigation that would entitle the debtors to further stay protection. Accordingly, the court grants Chase's motion for relief from stay. It is

SO ORDERED.