AYOTTE BROTHERS CONSTRUCTION COMPANY *v.*
JOAN FINNEY
(15185)

Dupont, C. J., and Landau and Hennessy, Js.

Submitted on briefs June 7—officially released August 13, 1996

*Richard C. Sanger* filed a brief for the appellant (named defendant).

*Timothy A. Daley* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant, Joan Finney, appeals from the trial court's judgment for the plaintiff on the count of her complaint that alleges unjust enrichment.[1] We affirm the trial court's judgment.

The defendant is the owner of a parcel of real property at 272-276 Albany Turnpike in Canton. The defendant leased the property to Leigh Miller, who intended to use it in connection with her business. The lease contemplated the construction of a building on the premises. Miller hired a general contractor to supervise improvements to the area surrounding the building, and the general contractor in turn hired the plaintiff to do paving work.

The dispositive issue on appeal is whether the defendant was unjustly enriched by the work that the plaintiff did on her property. We conclude that the trial court properly found that the defendant was unjustly enriched. We, therefore, affirm the judgment of the trial court.

In 1981, the defendant applied to the Canton zoning commission (commission) for an expansion of the operation of the car works that she maintained on the property. She also paid for a site development plan, which provided for a building to be constructed on the rear portion of the property with a paved area adjacent to it.

In 1982, the defendant entered a lease agreement with Europart, Inc., in which Leigh Miller, the future lessee, was a principal. The term of the lease was ten years,

---

[1] The plaintiff claimed in a count alleging a contract, that an agency relationship existed between the defendant and her lessee. The trial court found no merit in this claim and based its decision on the unjust enrichment claim. The parties do not reargue the agency theory on appeal.

and it gave the defendant the right to construct the building in accordance with the site plan.

In 1988, the defendant filed another application with the commission, requesting permission to alter the property's use. She had a second site plan drawn up, which the commission approved. In October, 1988, prior to the expiration of the 1982 lease, the defendant and Miller entered into another lease, also for a ten year period. The lease included a five year option to extend the lease, and an option to purchase. Miller cosigned a construction mortgage with the defendant to finance the building. The defendant was to construct the shell of the building, and Miller was to be responsible for the interior of the building and the land surrounding it. The new building was completed in the spring of 1989.

Miller hired Landev Remodeling, Inc., as a general contractor to do work on the building. Landev, in turn, hired the plaintiff, Ayotte Brothers Construction Company, in June 1989, to do some paving and other site work. In all, the plaintiff completed $28,608.55 worth of work on the property. Subsequently, the plaintiff put a mechanic's lien on the property for this unpaid amount.

Later, Miller and Robert Coffin entered a written agreement to which the parties referred as "selling the lease." Coffin assumed all of Miller's rights and obligations under the lease and was paying rent to the defendant at the time of the lawsuit. At the closing, $35,000 was placed in escrow to satisfy the lien. Subsequently, the mechanic's lien was discharged by the court, and the escrow was released to Miller. At the time of trial, Coffin had not exercised the option to purchase.

The issue to be decided is whether the defendant, as the owner of the property, was unjustly enriched as a result of the improvements that the plaintiff made on her property. Unjust enrichment is the appropriate

cause of action here since the plaintiff and defendant did not have a contract. Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to contract. 5 S. Williston, Contracts (Rev. Ed.) § 1479. Recovery for unjust enrichment is appropriate when a defendant retains a benefit that has come to him at the expense of another. *Polverari* v. *Peatt*, 29 Conn. App. 191, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992); see *National CSS, Inc.* v. *Stamford*, 195 Conn. 587, 597, 489 A.2d 1034 (1985); *Schleichler* v. *Schleichler*, 120 Conn. 528, 534, 182 A.2d 162 (1935).

The elements of unjust enrichment are well established. Plaintiffs seeking recovery for unjust enrichment must prove "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiffs' detriment." *Bolmer* v. *Kocet*, 6 Conn. App. 595, 612–13, 507 A.2d 129 (1986).

"[T]he determinations of whether . . . particular [facts constitute the elements of unjust enrichment] are subject only to a limited scope of review on appeal. *Stabenau* v. *Cairelli*, 22 Conn. App. 578, 581, 577 A.2d 1130 (1990). Those findings must stand, therefore, unless they are clearly erroneous or involve an abuse of discretion. Id. This limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court. *Reynolds* v. *Ramos*, 188 Conn. 316, 321, 449 A.2d 182 (1982); see also *Hamm* v. *Taylor*, 180 Conn. 491, 495–96, 429 A.2d 946 (1980) . . . ." *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994).

We conclude that the trial court was not clearly erroneous in finding facts supporting the three elements of

unjust enrichment. The defendant, as the owner of the property, was benefited by the paving. The defendant did not pay for the paving. Finally, the plaintiff performed work on the property for which the defendant has not paid, to the detriment of the plaintiff.

The defendant claims that the trial court improperly found that the option to purchase clause in the lease does not prevent her from being unjustly enriched. This is not the case. The evidence indicates that the defendant is unjustly enriched despite the option to purchase. If Coffin never exercises his option, then the defendant is benefiting by the improvement of her property. If he does exercise the option, the defendant is still benefited because the sale price will reflect the paving and site work that has enhanced the property's value.[2]

The defendant also asserts that she should not be liable as a matter of law because the plaintiff failed to pursue the mechanic's lien properly . She claims that because the lien was discharged, the money held in escrow was released to Miller and therefore no longer protects her from paying the plaintiff. We are not persuaded by this argument. The mechanic's lien has no bearing on this action because the defendant was not a party to it. The mechanic's lien concerned the plaintiff, the lessee Miller, and Landev Remodeling, Inc. Whether the plaintiff properly pursued the lien is not germane to whether the defendant was unjustly enriched by the paving on her property.

We conclude that the trial court properly rendered judgment for the plaintiff.

The judgment is affirmed.

---

[2] The option to purchase clause in the lease provided that the purchase price would be the average of the values accorded the property by three separate appraisers. Therefore, even if Coffin exercised the option to purchase, the defendant would benefit by selling the property at a higher price.