[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to strike the amended complaint, containing four counts, on the grounds that the plaintiff's allegations fail to set forth claims upon which relief may be granted.
 I.
The first count of the amended complaint contends that the CT Page 6166-A defendant was unjustly enriched. It alleges that Community Savings Bank lent the plaintiff a sum of money; that that bank was acquired by Heritage Bank for Savings which failed and was taken over by the F.D.I.C.; that the F.D.I.C., in turn, sold the promissory note evidencing the debt and the mortgage securing the note to the defendant, General Financial Services, Inc. at a discounted rate; that upon the plaintiff s default his equity of redemption was foreclosed by the defendant who also obtained a deficiency judgment of $125,000 against the plaintiff. The plaintiff also alleges that certain actions by the F.D.I.C., unrelated to the plaintiff's note, contributed to the real estate marked depression in 1987.
Essentially, the plaintiff claims that the sale of the mortgage and note at a discount by the F.D.I.C. unjustly enriched the defendant. The elements of unjust enrichment are well established. The plaintiff must allege facts supporting the conclusion that the defendant received a benefit; that the defendant unjustly did not pay for the benefit; and that the failure to pay was to the plaintiffs detriment, Ayotte BrothersConstruction Company v. Finney, 42 Conn. App. 578, 581 (1996). CT Page 6166-B The statements in this count fail to establish that the defendant unjustly withheld payment for the mortgage note it acquired. Nor is there any basis for concluding that the defendant owed anything to the plaintiff. The defendant purchased from a holder the right to collect on the debt which the plaintiff owed. The plaintiff was not entitled to payment from anyone, rather he was the debtor. Thus, the first count fails to set forth a cause of action against the defendant for unjust enrichment.
 II.
Count 2 of the amended complaint is a single paragraph which merely recites the legal conclusion that the defendant "used deceptive practices" to obtain privileged information which "fraudulantly [sic] induced the plaintiff" to provide such information. Absent are factual allegations supporting this conclusion. This count is devoid of specifics regarding any relationship between the parties, what information was communicated which was false, and how the disclosure of such information by the plaintiff harmed the plaintiff. Consequently, this count also fails to set forth a cause of action. CT Page 6166-C
 III.
Count 3 of the amended complaint consists of a single paragraph asserting that the defendant used utilities in a building without paying the plaintiff. It lacks specifics regarding any legal relationship obligating the defendant to pay the plaintiff for the use of utilities in some building. It contains neither dates nor allegations of ownership, contract, or other duty between the parties. The court discerns no cause of action in this count.
 IV.
The fourth count consists of a single paragraph stating that the defendant's agents entered "the property" changed locks, caused damage, and caused tenants to leave. This paragraph omits specifics as to dates, location, ownership, or the relationship between the parties to the building or the tenants. It also contains no claim that the plaintiff sustained any loss. Absent such specifics, this count is insufficient to establish a cause CT Page 6166-D of action.
For these reasons, the motion to strike is granted.
Sferrazza, J.