[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON MOTIONS FOR SUMMARY JUDGMENT
This action involves a law firm and former client. The complaint, in a single count, alleges failure of the defendant to pay attorney's fees. The defendant denies the sums are due and asserts five special defenses. In addition, the defendant brings a counterclaim in nine counts. The plaintiff moves for summary judgment to enter in its favor on the entire nine count counterclaim. The defendant moves for summary judgment in his favor on the complaint. Both parties have filed opposition papers to these motions. At the time of the filing of these motions, the case was scheduled to begin jury selection.
The history of this case does not present a pleasing picture. As noted by the court (Silbert, J.) in its June 19, 1995 ruling, it "has been dominated by the all too apparent personally antagonistic feelings of the attorneys toward each other."[1]
In addition, at the time of that ruling, nearly two years ago, there were over eighty filings; there are now over 180 filings. The counterclaim that is the subject of the plaintiff's Motion for Summary Judgment is in its seventh revision. The court file measures one and one-half feet. The court surmises that the personal antagonism between the parties and counsel, which required unusual judicial intervention[2], has led this litigation away from an orderly and efficient resolution. The words of Learned Hand, while dated in imagery, are poignant:
 And yet I dare say that an ingenious actuary might find upon irrefragable computation that in general loss of time, misprision of judges, consequent appeals, discouragement of suitors and the like, the annual loss to our country through bad pleadings equalled the cost of four new battleships, or a complete refashioning of primary education. CT Page 4143
Learned Hand. "The Deficiencies of Trials to Reach the Heart of the Matter." 1921, in Lectures on Legal Topics 3:89, 94-95 (1926).
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court." (Citations omitted; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995).
 I
As to the June 21, 1995 revised counterclaim, the plaintiff CT Page 4144 raises three general categories to argue that summary judgment should enter in its favor on the counterclaim. First, it claims that the applicable statute of limitations bars each count of the counterclaim. Second, it argues that the counts fail to state viable causes of action. Finally, it asserts that this defendant has no standing to bring several of the counts.
A proper counterclaim is an independent action. "It has been defined as `a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant.'" Home Oil Co. v. Todd, 195 Conn. 333,341 (1985).
In his seventh revised counterclaim dated June 21, 1995, in nine counts, the defendant seeks damages from the plaintiff. In Count One, the defendant alleges unjust enrichment for money he paid the plaintiff; in Count Two, the defendant alleges unjust enrichment for money he paid the plaintiff; in Count Three, the defendant alleges a failure to provide accounting; in Count Four, the defendant alleges unjust enrichment for the interest charged by the plaintiff on outstanding bills; in Count Five, the defendant alleges defamation; in Count Six, the defendant alleges unjust enrichment for fees paid to the plaintiff; in Count Seven, the defendant alleges bad faith and breach of fiduciary duty; in Count Eight, the defendant claims damages for retaining new counsel; and in Count Nine, the defendant alleges that the plaintiff violated General Statutes § 42-110a, et seq.
 A
It is incumbent upon the defendant to allege some recognizable cause of action in his counterclaim. Brill v. Utley,159 Conn. 371, 374 (1970). Failure by the plaintiff to file a motion to strike does not relieve the defendant's burden. In thisseventh revised counterclaim, the defendant has failed to state a recognizable cause of action in Counts 1, 2, 3, 4, 6 and 8. "A judgment in the absence of written pleadings defining the issues would not merely be erroneous, it would be void." Telesco v.Telesco, 187 Conn. 715, 720 (1982).
In Counts One, Two, Four and Six, the defendant asserts a cause of action for unjust enrichment. In order to prevail under a theory of unjust enrichment, the defendant must plead and prove specific elements. Unjust enrichment is the appropriate cause of CT Page 4145 action here since the plaintiff and defendant did not have a contract.
 Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to contract. 5 S. Williston, Contracts (Rev. Ed.) § 1479. Recovery for unjust enrichment is appropriate when a defendant retains a benefit that has come to him at the expense of another. Polverari v. Peatt, 29 Conn. App. 191, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992); see National CSS, Inc. v. Stamford, 195 Conn. 587, 597, 489 A.2d 1034
(1985); Schleichler v. Schleichler, 120 Conn. 528, 534, 182 A.2d 162 (1935).
 The elements of unjust enrichment are well established. Plaintiffs seeking recovery for unjust enrichment must prove "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiffs' detriment." Bolmer v. Kocet, 6 Conn. App. 595, 612-13, 507 A.2d 129 (1986).
Ayotte Bros. Construction Co. v. Finney, 42 Conn. App. 578,580-581 (1996).
In Count One, the defendant alleges an oral contingency agreement between the parties. He then alleges that the plaintiff billed the defendant on an hourly basis plus finance charges, discontinued the representation and failed to file suit. The final factual allegation states simply "The defendant has paid money to the plaintiff for services on this matter." The court fails to set forth the necessary elements of unjust enrichment. By his own allegations, the parties had an oral contract.
In Count Two, the defendant alleges that the plaintiff agreed to represent the defendant and promised to file suit "if necessary" to recover the damages. He further alleges that the plaintiff "refused to file suit", and that the defendant paid money to the plaintiff for services. Exhibit 33, a letter from the defendant and Exhibit 40, another letter by the defendant, show that in fact the plaintiff was representing a corporation, namely Madison Electrical Contractors, Inc., and not the defendant. The defendant's affidavit contains no averments raising an issue as to this fact. While the defendant's memorandum suggests the defendant was personally liable for the CT Page 4146 litigation referenced in Count Two (pp. 11-12 of the Defendant's Opposition papers), that is argument and not evidence. HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202
(1995). Accordingly, the court finds that a judgment based upon unjust enrichment cannot, as a matter of law, enter in favor of the defendant. Judgment may enter in favor of the plaintiff on Count Two.
In Count Three, the defendant alleges that he has suffered damages because the plaintiff failed to provide accounting. It is clear from the exhibits attached to both parties' summary judgment papers that detailed statements of services rendered were sent to the defendant after October 13, 1988, when the trust account was apparently depleted. There is no affirmative relief recoverable under this count as stated. Certainly the plaintiff has the burden to prove the elements of its complaint, and through his denials and special defenses the defendant may proffer evidence of payments made. Judgment may enter in favor of the plaintiff on Count Three.
In Count Four, the defendant alleges that the plaintiff billed the defendant at an interest rate over 19 percent per year, and that the defendant did not agree to it. The defendant alleges further that the interest charges violated General Statutes §§ 37-1 and 37-3a. Neither of those statutes is applicable as a basis for this cause of action. The final factual allegation is simply "The defendant paid interest to the plaintiff." Again, the elements of unjust enrichment are not met since there is no allegation that a payment at the illegal rate was made. The defendant's February 21, 1997 affidavit does not buttress the proposed cause of action in unjust enrichment beyond claiming, without supporting documentation, that he made a payment of $109 at the rate of over 18% a year. Judgment may enter in favor of the plaintiff on Count Four.
In Count Six, the defendant alleges that the plaintiff represented him in an arbitration matter brought against Madison Electrical Contracting, Inc., in which the defendant was an officer. He further alleges that, had the plaintiff been diligent, the matter could have settled for $11,000 prior to the arbitration hearing. The arbitration award was $16,628.39. The defendant alleges that he paid in excess of $10,000 to the plaintiff for the representation. It is clear from the supporting documentation of both parties that this defendant was not a party to the arbitration, and nothing beyond the defendant's position CT Page 4147 as an officer of the corporation is alleged. Accordingly, as pleaded, the defendant cannot prove the elements of unjust enrichment.
 B
Counterclaims are generally subject to the statute of limitations to the same extent as if the claim was brought as a separate action. E. Stephenson, Connecticut Civil Procedure § 129(f) (2d. Ed. 1970). "For the purpose of the statute of limitations, an action upon the subject of a counterclaim is deemed to have begun when it is filed, or, where permission to do so is necessary, when a proper motion for that purpose is served on the opposing party." Pacelli Bros. Transportation. Inc., v.Pacelli, 189 Conn. 401, 413-414 (1983), citing Consolidated MotorLines, Inc. v. MM Transportation Co., 128 Conn. 107, 108-109
(1941)[3]. In this case, the first counterclaim was filed on August 23, 1994. While the defendant cites Keenan v. Yale NewHaven Hospital, 167 Conn. 284 (1974) to argue that his counterclaim relates back to the complaint, he is mistaken. As noted above, a counterclaim is an independent cause of action bythe opposing party, and Keenan expressly exempts a new cause of action from the relation back doctrine.
There is no genuine issue as to a material fact that General Statutes § 52-597 bars Count Five which sounds in defamation. General Statutes § 52-597 provides that no action "shall be brought but within two years from the date of the act complained of." The defendant's allegations aver that the letter was published in June 1990, and a copy of the June 27, 1990 letter is attached as Defendant's Exhibit 10. Since the original counterclaim was filed on August 23, 1994, this claim is time barred.
Count Seven incorporates all the allegations of the previous six counts and alleges that, based upon those allegations, the plaintiff acted in bad faith and breached its fiduciary duty. General Statutes § 52-577 applies to this count since it sounds in tort. That statute provides that "no action shall be brought but within three years from the date of the act or omission complained of." There is no dispute that the attorney client relationship ended no later than July 1991. Since the first counterclaim was filed in August 1994, this count is time barred.[4]
CT Page 4148
In Count Nine, the defendant incorporates all the allegations of the previous counts and alleges that, based upon those allegations, the plaintiff has violated CUTPA, General Statutes § 42-110a, et seq. That statutory action contains its own period of limitation. General Statutes § 42-110g(f) provides that no action "may be brought more than three years after the occurrence of a violation of this chapter." There are no allegations of violations after July 1991. The count is time barred under General Statutes § 42-110g(f).
 II
The defendant moves for summary judgment on the complaint on the grounds that it is barred by General Statutes § 52-576 or § 52-581 and by the statute of frauds.
It is undisputed that the parties entered into a written agreement regarding two matters involving the defendant personally. (Exh. 12). The date of that written agreement is January 29, 1988. According to the documents submitted by the defendant, the last activity on either matter referenced in Exhibit 12 was no later than May 1989. With those undisputed facts, the defendant attempts to argue that because the complaint was brought in July 1994, any claim as to those matters is barred by the six year statute of limitations, § 52-576 (pp. 24-25 of Defendant's Opposition and Motion for Summary Judgement). While mathematics has never been this court's strong subject, it appears obvious to the court (1994 minus 1989 equaling 5 not 6) that the question of § 52-576 barring these claims remains an open one.
As to the remaining matters for which it is undisputed that there exists no agreement in writing, the defendant claims that General Statutes § 52-581 bars any recovery by the plaintiff. As with all the arguments and oppositions thereto, both counsel have failed to provide the court with adequate pertinent authority.
General Statutes § 52-581 provides
 (a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action CT Page 4149 accrues.
This statute of limitations applies only to executory contracts.Mac's Car City. Inc. v. DeNigris, 18 Conn. App. 525, cert denied,212 Conn. 807 (1989). If there has been full performance, then the six year statute applies. Since there exists a genuine issue as to whether the § 52-581 applies and will bar this action, summary judgment must be denied on this ground. Connecticut Bank Trust N.A. v. Reckert, 33 Conn. App. 702, 714 (1994). The defendant also raises General Statutes § 52-550 as a grounds for entering summary judgment in his favor on the complaint. General Statutes § 52-550 reads
 Sec. 52-550. Statute of frauds; written agreement or memorandum. (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; (5) upon any agreement that is not to be performed within one year from the making thereof; or (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars.
[Emphasis added]
The defendant argues that since there is no written agreement that he will act as a guarantor for the corporate entities, the above provision bars the plaintiff's action. The plaintiff responds by relying on the language of (a)(5) of the statute. The plaintiff is misplacing its reliance. It is subsection (2) noted above that would bar the enforcement of any such agreement. Here, in order to overcome the statute of frauds defense the plaintiff must prove 1) the guaranty agreement was mainly for the defendant's own benefit and not the corporate entity's, OttoContracting Co. v. S. Schinella Son, Inc., 179 Conn. 704, 710
(1980), or 2) that there has been conduct amounting to part performance subsequent to the making of the contract. Heyman v.CBS, Inc., 178 Conn. 215, 222 (1979). Whether the plaintiff can meet these exceptions to the application of § 52-550 remains CT Page 4150 a question for the fact finder at trial. The court cannot decide an issue of fact it finds on a summary judgment motion. Once it finds such an issue exists it must deny the motion. Telesco v.Telesco, 187 Conn. 715, 718 (1982).
For the above reasons, the defendant's Motion for Summary Judgment is denied. The case will proceed to trial on the complaint, answer and special defenses.
DiPentima, J.