[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves allegations that the defendants, Bradway B. Adams, Trustee of Certain Non-revocable Trusts, Bradway B. Adams, Trustee Under Appointment Trust Agreement and Robert Gervasoni, Trustee of Charles L. Adams Trust, (hereinafter referred to as Trustee defendants), were unjustly enriched by the installation of a heating and air conditioning system installed by the plaintiff, C M Crocco Heating and Air Conditioning Company, Inc. Following a court-side trial in the instant matter, the plaintiff and the Trustee defendants filed post-trial briefs. Having considered all of the issues raised during the trial and argued in the briefs, the court rules that the defendants were, in fact, unjustly enriched. However, as will be explained in the body of the decision, this court is unable to make an award for damages. haven at
FINDINGS OF FACTS CT Page 15222
While counsel agreed, prior to the trial, that most of the pertinent facts were not in dispute, and therefore submitted stipulated facts, this court discovered areas of factual contention during and after the hearing. This court finds the following facts to have been proven. On February 23, 1995, the Trustee defendants entered into a lease agreement with Whiting Products. Pursuant to that agreement, Whiting Products would lease premises located at 13 Beaver Road, Branford, Connecticut. The property is and was at all times pertinent to this action owned by the Trustee defendants. Pursuant to the lease agreement Whiting Products was required to provide a heating and air conditioning system for the premises. In consideration for the installation of the system, the defendants agreed to accept a lower monthly rent from Whiting Products than they would have had Whiting not shouldered the responsibility for installing the heating and air conditioning system. In March, 1995, while still a tenant of the Trustee defendants, Whiting Products contracted with the plaintiff to have it install heating and air conditioning equipment at 13 Beaver Road. The plaintiff installed a heating and air conditioning system, in accordance with its contract with Whiting Products. The plaintiff billed Whiting Products $18,500.00 for its services. Whiting Products never paid the plaintiff for the heating and air conditioning system. In 1997, Whiting Products breached its lease agreement with the Trustee defendants and left the premises. After not receiving payment from Whiting Products, the plaintiff made demand for payment from the Trustee defendants. The Trustee defendants refused to pay the plaintiff the amount demanded. The Trustee defendants have not paid the plaintiff any amount for the heating and air conditioning system. The heating and air conditioning system which was installed by the plaintiff remains in the property owned by the Trustee defendants and continues to be operational.
The plaintiff filed a two count complaint against Whiting Products and the Trustee defendants. Count One alleges breach of contract against Whiting Products. Count Two alleges unjust enrichment against the Trustee defendants. Whiting Products was defaulted for failing to plead. The Trustee defendants filed an answer in which they denied that they owed any money to the plaintiff and denied that they were unjustly enriched.
ARGUMENTS OF THE PARTIES
The plaintiff argues that:
(1) it provided a service and a product for which it was not compensated;
(2) the product is currently in the property owned by the Trustee defendants; CT Page 15223
(3) the product has enriched the defendants; and
(4) the defendants have failed to pay for the benefit.
The defendants argue that they did, in fact, pay for the system vis-a-vis a negotiated discount in the monthly rental amount. The defendants argue that they considered the cost of the heating and air conditioning system in the lease negotiations and that the contract placed the responsibility of installing the system on Whiting Products in exchange for a lower monthly payment. Further, the defendants argue that the system has not increased the value of their property. They rely on the representation of their rental agent, that their current tenants do not need or fully use the system, as proof that their property was not really enriched.
ISSUES IN DISPUTE
The principal issue in dispute before this court is whether or not the defendants were unjustly enriched by the installation of the heating and air conditioning system[1]. In order to resolve this dispute the court must consider whether or not the defendants "paid" for the system through a rent reduction, and/or whether or not their failure to pay the plaintiff directly was unjust.
The parties are in dispute as to whose burden it is to prove that any alleged enrichment was in fact unjust. The plaintiff claims that having raised the issue of the negotiated rent decrease, the defendants have the burden of proving it. The defendants argue that because the burden of proving the unjustness of any enrichment lies with the plaintiff, it is the duty of the plaintiff to prove that the defendants did not reduce the rent in exchange for the installation of the system.
For reasons more fully explained below, this court holds that the plaintiff met its burden of establishing that the defendants were unjustly enriched. However, the plaintiff failed to meet its burden of establishing the amount owed as a result of the enrichment.
LEGAL DISCUSSION
"`A right of recovery [for unjust enrichment] is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff.' Schleicher v.Schleicher, 120 Conn. 528, 534, 182 A.2d 162 (1935). "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs CT Page 15224 for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment.' . . . (Citations omitted.) Hartford Whalers HockeyClub v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 283, 649 A.2d 518
(1994)." McNeil v. Riccio, 45 Conn. App. 466, 475, 696 A.2d 1050 (1997).
"Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. 5 S. Williston, Contracts (Rev. Ed.) § 1479." Hartford Whalers Hockey Club v. Uniroyal GoodrichTire, 231 Conn. 276, 282-3, 649 A.2d 518 (1994). In particular, unjust enrichment is the appropriate cause of action when the plaintiff and defendant do not have a contract. Ayotte Bros. V Finney, 42 Conn. App. 578,580-81, 680 A.2d 330 (1996).
"[T]he determinations of whether a particular failure to pay was unjust and whether the defendant was benefitted are essentially factual findings for the trial court that are subject only to a limited scope of review on appeal. Stabenau v. Cairelli, 22 Conn. App. 578, 581, 577 A.2d 1130
(1990)." McNeil v. Riccio, supra, 475. "With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard.Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 564-65, 244 A.2d 404
[1968]." Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire, supra, 282-3. "Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy." Cecio Bros., Inc. v. Greenwich, 156 Conn. 561,564, 244 A.2d 404 (1968).
This court finds that the addition of the heating and air conditioning system enriched the property of the defendants. Although the defendants would like for this court to engage in an analysis as to whether or not the system is/was of value or use to their subsequent tenants, such analysis is not necessary. The building owned by the defendants was without a heating and air conditioning system prior to the installation by the plaintiff. The building now has such a system. The system installed by the plaintiff remains operational. The plaintiff was not paid for the installation. Therefore, the defendants were enriched.
There is no question or dispute that the defendants never directly paid the plaintiff for the heating and air conditioning system. Therefore, the question before this court is whether or not that failure to make direct payment was unjust. This court concludes that the failure to make a direct payment was, at least partially, unjust.
In the instant matter, the defendants would like for this court to CT Page 15225 conclude that they were not unjustly enriched because they did, in effect, pay for the heating and air conditioning system by agreeing to accept a reduced amount for rent from Whiting Products. Their claim is that a negotiated agreement was reached whereby a rent reduction would be credited as payment for the heating and air conditioning system. The plaintiff attacks both the defendants' contention that they had an agreement to receive reduced rent and their contention that this reduction paid for the system. Further, the plaintiff argues that because the defendants presented no evidence regarding how much the reduction in rent was, they are not entitled to a credit for any set-off. The defendants respond to the plaintiff's arguments by asserting that it was not their burden to establish how much the reduction in rent was. Rather, the defendants claim that it was the plaintiff's burden to prove that they had not paid for the system through a rent reduction agreement.
The credible evidence supports the conclusion that an agreement was reached by the defendants and their tenant, Whiting Products. The credible evidence also supports the conclusion that the result of that agreement was that the defendants would receive less per month than they would have if the tenant had not agreed to provide the heating and air conditioning system.
In Ayotte v Finney, supra, the appellate court upheld the trial court's finding that the fact that the defendant had negotiated a lease agreement with an option to buy, an option which might or might not be exercised in the future by the tenant, did not preclude the finding that the defendant landowner had been unjustly enriched. Similarly, this court concludes that the fact that the defendants negotiated a rent reduction with their tenant does not automatically preclude the finding that the defendants were unjustly enriched.
In this case the plaintiff has met its burden of proving unjust enrichment because it established that the system was not directly paid for and because the evidence established that the lease, which included the rent reduction, was breached. Because Whiting Products breached the lease agreement, it did not make all the monthly rental payments it was required to under the lease. Therefore, at least some of the payments which would have been credited to the defendants for the heating and air conditioning system were not made. Therefore, the most the defendants can be credited with, is having equitably paid for part of the value of the system. Had Whiting Products honored its lease agreement, then this court could reasonably conclude that the defendants were not unjustly enriched. But because Whiting Products only made payments for 2 years of the 4 year lease, this court concludes that the defendants received a value, to which they were not equitably entitled and for which they did CT Page 15226 not pay.
This court concludes from the evidence that the negotiated lease contemplated four years of rent reductions. The total amount reduced, presumably, would equal the value of the heating and air conditioning system[2]. Only one half of the payments were made by I Whiting Products pursuant to the lease. Therefore, no more than one half of the value of the reduction may be credited to the defendants. Unfortunately, there is no evidence before this court as to the exact amount of the negotiated rent reduction. Even absent this evidence, however, this court may draw certain logical inferences. Such inferences include the inference that the defendants did not equitably pay, in full, for the value of the heating and air conditioning system.
This court rejects the defendants' claim that the plaintiff had the duty to prove that there was no rent reduction agreement. Once the evidence regarding the negotiated rent reduction was before this court, it was there to be considered. Whether the evidence about the rent reduction or lease negotiations came out during the plaintiff's presentation of the evidence or during the defendants' case is irrelevant. The facts presented support the plaintiff's claim and therefore, help it meet its burden of proof.
While the defendants do not want this court to consider their reference to the rent reduction as an assertion of a set-off defense, the issue of the rent reduction is before this court. It is an issue which must be considered. As presented, there are insufficient facts to tip the balance of equities in favor of the defendants. Instead, when considering all of the facts presented at trial, and balancing the interests of the parties, this court concludes that the defendants were benefitted. This court also concludes that though the defendants may have partially "paid" for this benefit, they did not fully pay for that benefit. Therefore, the defendants were benefitted at the expense of the plaintiff; the defendants were unjustly benefitted. Accordingly, this court finds that the plaintiff has proven its claim of unjust enrichment.
The court must next turn to the issue of damages. The evidence before this court is that the cost for providing the air conditioning and heating system was $18,500.00. Neither the defendants nor the tenant directly paid the plaintiff for the system. Though it is clear from the evidence that the defendants negotiated a "payment" for the benefit through a rent reduction, the amount of this reduction is not known by this court. Nor does this court have any evidence by which to conclude how much total rent was paid by the tenant during the lease. Therefore, this court can not ascertain the amount of damages owed to the plaintiff. The plaintiff has failed to meet its burden in establishing the CT Page 15227 precise amount of damages owed by the defendants.
". . . [T]he measure of damages in an unjust enrichment case ordinarily is not the loss to the plaintiff but the benefit to the defendant. SeeMonarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 666-67,368 A.2d 6 (1976)." Hartford Whalers Hockey v. Uniroyal Goodrich Tire, supra, 285. Although "the law eschews the necessity of mathematical exactitude" where damages are concerned in unjust enrichment cases, because "such exactitude . . . is often impossible," the law does require "such certainty as the nature of the particular case may permit, [to] lay a foundation which will enable to trier to make a fair and reasonable estimate." Hartford Whalers Hockey v Uniroyal Goodrich Tire, supra, 285. Ordinarily, this court could look to the contract price in order to determine the amount of damages owed. But, since this court concludes that the defendants were only partially unjustly enriched, it finds that the contract price should be reduced by a certain amount, taking into consideration the reduction in rent that the defendants received. In this case, there is not sufficient evidence regarding the amount of the rent the reduction, the amount of rent actually paid by the tenant, and/or the amount of the money which would have been set-off as payment for the heating and air conditioning system, for this court to arrive at a fair and reasonable estimate of the amount which should be paid in damages.
This court finds that the plaintiff has proven the necessary elements to support its unjust enrichment claim. However, as this court is unable to ascertain the amount of damages owed, it makes no award for damages.
Having resolved the equitable issue in favor of the plaintiff, it would seem, in the opinion of this court, more expeditious for the parties to elect to conduct further evidentiary proceedings before this court in order to resolve the limited matter of the amount of damages, before resorting to exercising any of their other rights, including the rights to appeal. This court stands ready to consider further evidence regarding the issue of the amount of damages. However, since this decision may be considered final, such further proceedings would require the consent and agreement of both parties. This court leaves it to the parties as to how best to proceed. Accordingly, this court finds for the plaintiff on the issue of unjust enrichment, but makes no award of damages.
Robinson, J