[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CITY'S MOTION TO STRIKE THREE COUNTS OF CROSS CLAIM OF DEFENDANT PAVARINI CONSTRUCTION CO., INC.
The City of Danbury ("City"), a defendant in the above-captioned action, has moved to strike three counts of a cross claim filed against it by another defendant, Pavarini Construction Co., Inc. ("Pavarini"). This case was brought by Connecticut Concrete Construction, Inc., a subcontractor, seeking a remedy for the alleged failure of defendant ARC IceSports Danbury, Inc. ("ARC"), to pay costs incurred in constructing an ice rink pursuant to a contract with the City. The City is alleged to have deeded to ARC the land on which the ice rink was constructed in return for a promise by ARC to build an ice rink to specifications set forth in a contract between ARC and the City. The plaintiff named numerous other parties as defendants, including the City and Pavarini. The present motion concerns Pavarini's cross claim against the City. That cross claim is set forth in a pleading dated September 18, 2000, and filed on September 21, 2000, titled "Defendant Pavarini Construction Co., Inc.'s Amended Answer, Special Defenses, Counter-Claim and Cross-Claim."
The City has moved to strike Counts Three, Four and Five of Pavarini's cross claim. In the first count, which is not challenged by this motion, Pavarini seeks foreclosure of a mechanic's lien against the property, and in the second count Pavarini seeks damages against ARC for breach of contract. CT Page 2188
Standard of Review on Motion to Strike
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS., Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Unjust Enrichment
In Count Three, which is directed at both the City and ARC, Pavarini claims that the City has been unjustly enriched by construction services worth $3,080,460. The key factual allegations of this count are as follows:
 "On or before May 31, 1999, Pavarini entered into an agreement with ARC, with the knowledge and consent of the City of Danbury, to provide construction services for ARC, and to otherwise act as the agent of ARC, in connection with a construction project known as ARC Ice Sports Danbury, Ice Staking Rink, One Independence Way, Danbury, Connecticut ('the CT Page 2189 Project')." (Para. 25.);
 ARC agreed to pay Pavarini for its services. (Para. 26.);
 Pavarini "is owed monies for work and services furnished by Pavarini to ARC" and is also claiming money on behalf of subcontractors that worked on the project (Para. 29) in the amount of $3,080,460;
 The City, which transferred the land for the project to ARC, "[p]ursuant to a Declaration of Reverter, dated June 6, 2000 . . . purports to claim that it is the owner of record of the Property" (Para. 5);
 "Having obtained the benefits of Pavarini's work, ARC and the City of Danbury have been unjustly enriched in the amount of $3,080,460.00." (Para. 38.)
The City asserts two grounds for striking the third count. First, it asserts that foreclosure of a mechanic's lien, the remedy that Pavarini seeks in the first count of its cross claim, is Pavarini's sole remedy, and that a party that seeks foreclosure of a mechanic's lien cannot also seek damages in quantum meruit. The mechanic's lien statute, Conn. Gen. Stat. § 49-33, contains no provision making it an exclusive remedy, and the City has not cited a single case in which any court has so held. The City has cited Anthony Julian Railroad Construction Co. v. Mary EllenDrive Associates, 50 Conn. App. 289 (1998). That case holds only that a party that has obtained a judgment of foreclosure must follow the procedure for foreclosure and may not, in the words of the Appellate Court, "switch remedies in midstream," and obtain a property execution based on the judgment of foreclosure. Anthony Julian Construction Co. v.Mary Ellen Drive Associates, supra, 50 Conn. App. 297. There is no indication that the plaintiff in Anthony Julian Construction Co. pleaded in the alternative either to foreclose the mechanic's lien or to recover money damages in a claim for breach of contract; rather, the only issue presented was the availability of a property execution to a plaintiff that has obtained a judgment of foreclosure. Pavarini has pleaded in the alternative either to foreclose its mechanic's lien or to recover money damages. Unlike the plaintiff in Anthony Julian Railroad ConstructionCo., Pavarini has not obtained a judgment of foreclosure, and the holding in that case therefore is inapplicable. While the procedures for foreclosure are the only remedy available where a party proceeds to foreclose a mechanic's lien, that truism does not mean that a CT Page 2190 contractor's sole remedy for nonpayment is to file and foreclose a lien.
The Appellate Court noted in Avotte Bros. Construction Co. v. Finney,42 Conn. App. 578, 582 (1996), that whether or not a plaintiff who sought recovery in quantum meruit had also pursued a mechanic's lien "is not germane to whether the defendant was unjustly enriched by the paving on her property."
Contrary to the argument of the City, the references to unjust enrichment in Seaman v. Climate Control Corp., 181 Conn. 592 (1980), are concerned with the potentially advantageous position of second tier subcontractors in the Supreme Court's construction of § 49-33 with regard to division of the lienable fund.
Absent a declaration in a statute that the statute provides the exclusive remedy for a particular claim of loss, Connecticut courts recognize that a party may plead in the alternative. Dreier v. UpjohnCo., 196 Conn. 242, 245 (1985); Viets v. Hartford, 134 Conn. 428, 434-35
(1948). Accordingly, this court find that an action to foreclose a mechanic's lien is not an exclusive remedy for alleged nonpayment for construction services.
The second ground asserted by the City for striking Pavarini's claim for recovery for unjust enrichment in quantum meruit is that Pavarini has not pleaded facts that allege the elements of such a cause of action against the City.
The Appellate Court has ruled that a remedy for unjust enrichment is available where a landowner benefits from improvements to its land. InAvotte Bros. Construction Co. v. Finney, 42 Conn. App. 578 (1996). that court upheld a judgment for recovery by a contractor in quantum meruit against a lessor whose lessee had contracted for improvements to the land. The court stated as follows:
 The elements of unjust enrichment are well established. Plaintiffs seeking recovery for unjust enrichment must prove "(1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiffs' detriment." Bolmer v. Kocet, 6 Conn. App. 595, 612-13 (1986).
Ayotte Bros. Construction Co. v. Finney, supra, 42 Conn. App. 581.
The City has cited Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 568
CT Page 2191 (1968), as holding that a party cannot recovery from a municipality on a claim of unjust enrichment without proof that the municipality expected to pay for the services. Again, the City has cited a case for a much broader proposition than the ruling actually supports. The Supreme Court's denial of recovery for unjust enrichment was based on the fact that the services for which the plaintiff subcontractor sought compensation in connection with the building of a school were extra services for which approval from the town was required by the terms of the contract between the town and the general contractor. The Supreme Court merely concluded that given these express provisions concerning expenses in excess of the contract amounts, it was inequitable to find against the town on the basis of unjust enrichment. Cecio Bros., Inc. v.Greenwich, supra, 156 Conn. 568-69.
Under the pleading standard cited above, the allegations of the complaint are sufficient to state a claim for unjust enrichment and recovery in quantum meruit. The City asks this court, in effect, to prejudge the merits of the claim, not simply to review the adequacy of the allegations to state a cause of action.
The motion to strike the third count of Pavarini's cross claim is denied.
Count Four — Constructive Trust
In the fourth count of its cross claim, Pavarini alleges that the City required ARC to establish an escrow account for the purpose of meeting its obligations for the ice rink project. Pavarini alleges that the escrow agent caused $1.8 million of designated construction funds to be transferred to the City, and that the City has used these funds for uses other than compensation to those who have performed construction services on the project prior to the reversion of title to the City. Pavarini alleges that it relied on the existence of the escrow fund in agreeing to perform services to ARC in constructing the ice rink.
The City alleges that Brown v. Brown, 190 Conn. 345, 349 (1983), holds that to prevail on a claim of constructive trust, a party must establish unjust enrichment. Again, the citation is not accurate. While the Supreme Court in that case identified unjust enrichment as one circumstance in which a constructive trust will be recognized, it did not espouse the proposition advanced by the City.
The motion to strike the fourth count is denied.
Count Five — Quiet Title
CT Page 2192
The City asserts that Pavarini may not bring an action to quiet title to the ice rink property because, in the City's view, an action to foreclose a mechanic's lien is Pavarini's sole cause of action. This court has rejected this proposition.
As a second ground for striking this count, the City asserts that an action to quiet title may be maintained only by a party claiming title to or an interest in the property and that Pavarini has failed to allege its interest. At paragraph 14 of the complaint, a paragraph incorporated by reference in the fifth count, Pavarini alleges that it filed a mechanic's lien against the property. It further alleged that while ARC was the owner of the property, the City claims to have exercised a right to reversion of title.
An action to quiet title is a statutory action. Conn. Gen. Stat. §47-31 provides:
 [a]n action may be brought by any person claiming title to, or any interest in, real or personal property, or both, against any person who may claim to own the property, or any part of it, or to have any estate in it, either in fee, for years, for life or in reversion or remainder, or to have any interest in the property, or any lien or encumbrance on it, adverse to the plaintiff, or against any person in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest, for the purpose of determining such adverse estate, interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the property. Such action may be brought whether or not the plaintiff is entitled to the immediate or exclusive possession of the property.
Subsection (b) of § 47-31 provides in pertinent part that "[t]he complaint in such action shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the claim, interest or title . . ."
Pavarini does not allege that it ever acquired an interest in or title to the property at issue. It alleges only that it has filed a mechanic's lien and is entitled to the statutory remedy of foreclosure of that lien a remedy that would extinguish the interests of ARC and the City. "An essential of a complaint under our statute for quieting title (Rev. 1958, § 48-31) is a statement of the plaintiff's ownership of the CT Page 2193 land described or of an interest in it, and of his title thereto." Gagerv. Carlson, 146 Conn. 288, 289 (1959), citing Gaul v. Baker, 105 Conn. 80,84 (1927).
Pavarini does not assert that it has an interest in the land; rather, it is attempting to resolve whether it can enforce its mechanic's lien against ARC or against the City. The filing of a mechanic's lien does not automatically create in the lienor an interest in the land. The lienor does not acquire an interest in the land unless and until he is granted the remedy of foreclosure. Conn. Gen. Stat. § 49-33. The General Assembly has provided specialized procedures with regard to the determination of the validity of mechanic's liens, see Conn. Gen. Stat. §§ 49-35a and 35b. These procedures and foreclosure of a lien as provided in § 49-33 (h) provide the procedures for the determination that Pavarini seeks. Having failed to allege that it has an ownership or other interest in the property that must be quieted by determination of the alleged interests of others, Pavarini has not pleaded the facts necessary to make an action to quiet title the appropriate procedure.
The motion to strike the fifth count is granted.
Conclusion
For the foregoing reasons, the motion to strike is denied as to counts three and and four of Pavarini's cross claim against the City of Danbury. It is granted as to count five. Pavarini has requested "the opportunity to file a Request for Leave to Amend" in the event that the motion to strike is granted in whole or in part. The Practice Book, at § 10-44, states the procedure that applies when a motion to strike is granted.
 Beverly J. Hodgson Judge of the Superior Court