[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ISSUE
The issue in this case is whether the defendant property owner paid the general contractor all sums that were due, including sums that were due to complete the original contract.
This lawsuit arose out of construction work performed at the North Street Shopping Center, One Padanaram Road, Danbury, Connecticut. Multiple lawsuits have been filed concerning this project, all assigned to the Complex Civil Litigation Docket at the J.D. Stamford/Norwalk. This case is the first of those cases to be tried.
 FACTS
The court findings the following facts:
Plaintiff, V.I.P. Supply, Inc., is in the business of supplying construction material including piping, reinforced concrete piping, manhole frames and covers. Defendant, Danpar Associates Limited Partnership, is the owner of the construction site known as North Street Shopping Center, Danbury, Connecticut. On June 25, 1997 the defendant entered into a contract with Paradigm Management Company, as general contractor, to reconfigure the parking lot exits and entrances in an existing shopping center. The contract related only to site improvements and did not involve buildings. Danpar and Paradigm were the only parties to the contract. At no time did Danpar have any contract with VIP Supply, Inc.
VIP Supply, Inc., entered into a contract with J.F. Barrett and Sons to provide materials for the project including pvc piping, reinforced concrete piping, manhole frames, and covers. At the time of entering into the contract, VIP, thought that Barrett was the general contractor. The plaintiff commenced material delivery to the job site in July 1997. VIP only delivered material to the site and had no construction responsibilities. The plaintiffs last delivery was July 1998. The plaintiff received all payments for the delivered material from Barrett except for the last delivery. On February 4, 1998 Barrett delivered a check to the plaintiff in the amount of $25,456.67. That check was returned for insufficient funds. Sometime thereafter, the plaintiff learned that Paradigm, not Barrett, was the general contractor. Barrett is no longer in business and is judgment proof.
The plaintiff filed this lawsuit against Danpar Associates Limited Partnership as owners of the North Street Shopping Center property in two counts. The first count alleged unjust enrichment and the second count alleged quantum meruit. Plaintiff is claiming damages in the amount of $25,456.67. The defendant has denied the plaintiffs allegations. The CT Page 7746 matter was tried to the court.
 DISCUSSION OF LAW
The owner of property does not have to pay the subcontractor directly for any labor or materials unless: (1) there was a direct contract between the owner and the subcontractor, or (2) fraud was involved, or (3) the owner failed to pay the general contractor for all services rendered under the original contract and agreed upon extras including those necessary to complete the project in the event that the general contractor left the job. Providence Electric Co. v. Sutton Place, Inc.,161 Conn. 242, 246 (1971); Garwood Sons Construction Co. v. CentosAssociates Limited Partnership, 8 Conn. App. 185, 188 (1986). The plaintiff must sustain its burden to prove that Danpar received a benefit from VIP to wit, the materials were provided to the work site, no entity paid the plaintiff for these materials and that such benefit to the work site was unjust to wit, that Danpar did not pay Paradigm or some other contractor for these materials.
Plaintiff's first count is unjust enrichment. "The elements of unjust enrichment are well established. Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiffs' determent." AvotteBrothers Construction Company v. Finney, 42 Conn. App. 578, 581 (1996). "Unjust enrichment is the appropriate cause of action here since the plaintiff and defendant did not have a contract. Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to contract. 5 S. Williston, Contracts (Rev. Ed.) § 1479. Recovery for unjust enrichment is appropriate when a defendant retains a benefit that has come to him at the expense of another." Id. 580-81. Polverari v.Peatt, 29 Conn. App. 191, 200, cert. denied, 224 Conn. 913 (1992).
The second count of the plaintiffs complaint alleges damages under quantum meruit. Quantum meruit is an implied contract and can only exist where there is no express contract. Collins v. Lewis, 111 Conn. 299, 304
(1930). "Quantum meruit is a form of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties. . . . Parties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations." Rosick v. Equipment Maintenance and Service,Inc., 33 Conn. App. 25, 37 (1993). "Quantum meruit is a theory of contract recovery that does not depend upon the existence of a contract either expressed or implied in fact. . . . Rather, quantum meruit arises out of the need to avoid unjust enrichment to a party, even in the CT Page 7747 absence of a natural agreement. . . . Quantum meruit literally means `as much as he has deserved. . . .' Black's Law Dictionary (7th Ed. 1999). Centered on the prevention of injustice, quantum meruit strikes the appropriate balance by evaluating the equities and guaranteeing that the party who has rendered services receives a reasonable sum for those services. Unjust enrichment applies whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract." (Citations omitted; internal quotation marks omitted.) Gagne v. Vaccaro,255 Conn. 390, 401 (2001).
 CONSIDERATION OF ISSUES
The essential issue is whether the plaintiff has sustained its burden of proof by showing that the defendant did not pay all monies that were due to the general contractor or to others that completed the general contractor's original contract. The court finds that the June 25, 1997 contract between Danpar and Paradigm was in the amount of $979,000. Danpar and Paradigm had agreed to written change orders in the amount of $223,000. Therefore, the total original contract including extras was $1,202,000.
The defendant paid Paradigm $786,270. In addition Danpar claims that it paid Tilcon Connecticut, Inc. and Yankee Equipment Corporation the sum of $124,470 for work set forth in the original June 25, 1997 contract. Danpar discharged Paradigm from the job before the original work was completed. Thereafter Danpar paid Earthmovers, Inc., $265,471 and R.J. Dohan $26,100.
According to Danpar's position these four amounts were paid to complete the original contract including all material delivered to the site by VIP and they total $1,202,311. Danpar claims that it paid the total price on the original contract work and thus is not legally liable to unpaid subcontractors.
The plaintiff disagrees. It argues that the site plan was materially changed after Paradigm left the job and Danpar paid more than $25,456.61 for these site changes. The plaintiff argues that Danpar has not disputed the delivery of the materials or its value. Since Danpar paid less than the original contract, the difference should be paid by Danpar to VIP up to $25,456.67. The court finds that VIP delivered $25,456.67 worth of materials to the site on the original Danpar-Paradigm contract and has not been paid $25,456.67.
The legal position of each party requires the court to carefully analyze the terms of the original contract, all payments and whether or CT Page 7748 not any of the labor and materials after Paradigm was discharged were necessary to complete the terms of the original contract including Danpar-Paradigm agreed extras. This court has conducted such an analysis.
The first issue is: What are the terms of the original contract? The defendant claims that there is a clause in the original contract between Paradigm and Danpar that it calls a "catch-all provision;" "The above items are not intended to be a complete list of all of the work to be performed. It is our mutual intention to have you do a complete job of all of the various systems involved so as to enable the AP Store to be connected to the site work and to have the Shopping Center Parking Lot paving, lights and utilities in operating condition in accordance with the Plans." Exhibit 5. The defendant argues that Paradigm was required to do a complete job regardless of whether or not a particular item of work was shown on the construction plans attached to the June 25, 1997 contract. This court is not convinced that the "catch-all provision" permits extras outside the plans. The contract contained a requirement that all extras must be supported by a signed change order. Exhibits 6 and 7. Such written change order procedure was followed. The "catch-all" argument conflicts with the written change order procedure. This court will only credit the defendant for payments for labor and materials set forth in the plans and signed change orders prior to Paradigm's discharge.
The court must also deal with the issue of the retainage. The contract permitted Danpar to withhold 10% from each payment requisition as retainage, "minus a ten percent holdback to completion." Exhibit 5. The last requisition, number 7, was issued and in accordance with that requisition a 10% retainage of $87,363 was noted. Exhibit 7. There was no evidence that Danpar paid this retainage to anyone. The court finds that the retainage currently being held by Danpar is $87,363. The issue that this court must decide is the total amounts of money actually paid by Danpar to Paradigm and the other contractors that were necessary to complete the job. If that sum totals more than the original contract price together with agreed upon extras, then the retainage is irrelevant. Therefore, the 10% retainage of $87,363 a/k/a "holdback" has no bearing on the issue in question. The court finds that Danpar made the following payments:
 1. $786,270 directly to Paradigm on the original contract and agreed upon extras.
2. $124,470 to Tilcon Connecticut, Inc. and Yankee Equipment Corporation for work they performed on the original contract. See Exhibit 21, Vendor History Ledger, check #192 ($121,156.60 to Tilcon and $3,314.04 to Yankee Equipment). CT Page 7749
3. $265,471 to Earth Movers, Inc. after Paradigm was discharged.
4. $26,100 to R.J. Dohan after Paradigm was discharged.
The total of these four sums is $1,202,311. The court will later discuss credits received by Danpar on the above sums for early payment. Since this court has already found that the original Danpar-Paradigm contract with agreed extras is $1,202,000, the remaining issue is whether the payments 1 through 4 above were all made to complete the original contract.
The plaintiff claims that there was a modification of plans after Paradigm was discharged. Detailed testimony was given by both parties concerning those plans. The court examined Exhibit 22, the original site plan and Exhibit 23, the modified site plan. Exhibit 23 was changed after Paradigm left the job and formed the basis of the $265,471 payment by Danpar to Earth Movers, Inc. and $26,100 to R.J. Dohan.
The court finds that there were major changes to the exit and entrance ways: (1) the North Road was widened five feet and (2) an additional island was constructed on the south entrance on Padanaram Road. These major changes to the plans entitle the plaintiff to some monetary relief. The court finds that there were major changes to the islands: (1) the size of a number of islands was increased and (2) the shape of a number of islands was greatly changed. The majority of the other changes in the size and shape of the islands were minor. The major changes to the plans regarding the islands entitle the plaintiff to some monetary relief. The court finds that there were no major changes regarding the addition, deletion and relocation of light poles. The number of light poles remained the same as on the original plan. No monetary adjustment is needed. Another change was paving and sidewalk revisions in front of the stores. The plans do not contain sufficient detail of these changes. No monetary adjustment is needed for these revisions. The missing guardrail on the southern driveway exits and entrance is noted in Exhibit 22 but that note does not appear in Exhibit 33. The evidence was in conflict on this point. This court believes that no major change was made in the guardrail and thus no monetary relief is warranted. The final site plan change noted was the Hayestown Road exit as well as entrance changes. These notes appear in Exhibit 33 in handwriting. The court concludes that no major changes were made to this area, and thus, no monetary relief is warranted.
The court therefore finds that there were two major changes in the plans after the discharge of Paradigm: (1) the widening of the North Road and the widening of the Padanaram Road exit with the placement of an CT Page 7750 additional island and (2) the changing of a number of the islands located in the parking lot. The plaintiff has the burden of proof of showing the additional cost incurred. There was no claim that Danpar did not provide all construction documents and records in litigation discovery. The court finds that the plaintiff has failed to sustain its burden of proof to show the extent of the additional costs incurred by these two major changes. Any determination of costs by this court would be speculation. Without that proof, this court cannot enter any award of damages for either unjust enrichment or quantum meruit.
The defendant is claiming that it paid Tilcon Connecticut, Inc. the sum of $121,156.60 on January 27, 1998 check #192. Exhibit 21. In fact, this court finds That Danpar paid Tilcon Connecticut, Inc. a lesser sum. Exhibit 10 contains two checks from Danpar Associates to Tilcon Connecticut, Inc.: #188 dated 1/8/98 in the amount of $116,310.31 and #16735 dated February 18, 1998 in the amount of $1,919.69. These two checks are the only checks in evidence from Danpar to Tilcon. These two checks total $118,230. The defendant points to Exhibit 21 as proof that Danpar paid Tilcon $121,156.60. The court finds that Danpar only paid Tilcon $118,230. Both Exhibit 21 and Exhibit 11 verify that Danpar paid Yankee Equipment Corporation $3,314.04. Thus Danpar is only entitled to a set off of $118,230 not $121,156.60. This difference is $2,927.
Thus, the four payments made by Danpar to complete the original contract as set forth in page 6 of this Decision must be reduced by $2,927. The court finds that the total paid by Danpar to the various contractors to complete the original contract is $1,199,384. The original contract is $1,202,000. The plaintiff is entitled to the difference between these two sums; $2,616.
The plaintiff in its January 14, 2000 trial brief at page 4 states "At first glance, it would appear that the payments made by the defendant exceed its contract price with Paradigm, as well as the agreement for extras. It is submitted, however, that the evidence is such that it cannot be determined with certainty that the payments made by the defendant to Earth Movers, Inc. and R. J. Dohan were representative of only cost of completion expenses." On the following page the plaintiff argues, "No explanation has been offered for these items." The plaintiff argues on page 6; "This action is equitable in nature and the equities suggest that the defendant has not offered a sufficient explanation for its failure to pay the plaintiff directly nor is there sufficient evidence to find that the cost of completing Paradigm's precise contract
was in excess of the total contract price." The plaintiff is stating that the defendant has the burden of proof to show that the payments were within the original contract price. The plaintiff has failed to provide legal support for that proposition. This court finds that the plaintiff CT Page 7751 has the burden of proof to prove either unjust enrichment or quantum meruit. Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659,665-66 (1976). This court concludes that the plaintiff has failed to sustain its burden of proof concerning the work performed by Tilcon Connecticut, Inc., Yankee Equipment Company, Earth Movers, Inc. and R. J. Dohan other than the above referenced $2,616.
The court has found that the original contract price plus agreed extras was $1,202,000. The court finds that Danpar paid $786,270 to Paradigm on the original contract and agreed extras, $121,543 to Tilcon Connecticut, Inc. and Yankee Equipment Corporation, on the original contract and agreed extras (after subtracting the $2,927 early payment credit), $26,100 to R.J. Dohan to complete the Paradigm contract and $265,471 to Earth Movers, Inc. to complete the Paradigm contract. These payments total $1,199,384. Since the plaintiff provided $25,456.67 of unpaid materials to the site under the original Paradigm contract, the plaintiff is entitled to the difference between the $1,199,384 payments made by Danpar and the original contract price of $1,202,000 being the sum of $2,616.
Note: This court did not consider any number less than one dollar in the consideration of the issues and rounded off to the nearest dollar.
Judgment will enter in favor of the plaintiff, VIP Supply, Inc., against the defendant, Danpar Associates Limited Partnership, in the amount of $2,616 plus costs.
BY THE COURT,
 ___________________ TIERNEY, J.